UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KAREN BARRETT,                                        Civ. Act. No.: 10 CV 4600 (AKH)

                Plaintiff,

      -against-                                            **DECLARATION OF**
                                                                                **BRUCE LUDDY**

HARTFORD LIFE AND ACCIDENT                  DOCUMENT
INSURANCE COMPANY,                                  ELECTRONICALLY FILED

                Defendant.
-----------------------------------------------------------X

        BRUCE LUDDY, pursuant to 28 U.S.C. §1746(2), declares under penalty of perjury the following:

        1. I am the Director of Litigation and Appeals for Hartford Life Insurance Company (hereinafter "Hartford") and have held that position since 2005. As part of my duties in this position, I am responsible for supervising the claims staff who decide appeals of denied disability benefit claims. Prior to that time, I was the Assistant Director of Litigation and Appeals since 1998. I am fully familiar with the claims and appeals policies and procedures Hartford employed in 2009 and 2010 when Karen Barrett's ("Barrett") claim was being evaluated. As such I am fully familiar with the facts and circumstances contained herein. I submit this Declaration in connection with Harford's Motion for Summary Judgment.

        2. During Hartford's review of Barrett's claim for continuing long-term disability ("LTD") benefits under the Greystone Long Term Disability, Life, Supplemental Life, Accidental Death and Dismemberment and Supplemental Dependent Life Plan (the "Plan"), the denial of the claim for LTD benefits was recommended by an Ability Analyst and approved by a Manager, Claims, both of whom are or were members of the claims department, and the administrative appeal was decided by an Appeals Specialist who is or was a member of the Appeals Unit.

        3. Hartford maintains a separate Appeals Unit for the consideration of claims that have been denied by the claims department on its initial review.

4. Each Appeals Specialist in Hartford's Appeals Unit is charged with making an independent assessment of the adverse claim decision based on the relevant provisions in the governing LTD Plan/policy and upon all of the evidence contained in the claim file.

5. During the Appeals Specialist's review of a denied claim on administrative appeal, the individual responsible for the appeal does not discuss the merits of the claim with the Ability Analyst who made the initial benefits determination, or her supervisor who approved the determination.

6. In evaluating claims under employee benefit plans insured by Hartford, it is Hartford's practice and intention to review such claims fairly, without regard to the manner in which the plan is funded, and to consistently award benefits on claims that are entitled to payment pursuant to the provisions of the applicable benefit plan while consistently denying claims that are not entitled to such payments. Hartford administers claims in substantially the same manner whether it is doing so under a fully insured policy or pursuant to an administrative services only agreement.

7. Hartford recognizes that awarding benefits on claims that are not entitled to such payments pursuant to the terms of the applicable plan/policy does not benefit all of the persons insured under that plan/policy as a group. Instead, such payments could result in increased premiums and/or a reduction or elimination of benefits by the employer, which will ultimately work to the detriment of all participants and beneficiaries of a given plan.

8. Hartford does not provide its Ability Analysts or Appeals Specialists with any incentives, remuneration, bonuses, awards, achievements, or other recognition based in whole or in part upon the denial or termination of claims. Hartford's claims decision-makers are paid fixed salaries and performance bonuses that are wholly unrelated to the number of claims paid or claims denied.

9. Hartford's Ability Analysts and Appeals Specialists are evaluated on the quality and accuracy of their claims decisions in accordance with the applicable plan/policy documents.

10. Hartford does not discourage its claim decision-makers from paying legitimate claims.

NY/658582V1

11. Hartford's Ability Analysts, Team Leaders and Appeals Specialists are not involved in Hartford's financial decisions, including, but not limited to, any review or analysis of Hartford's financial performance, or the financial performance or claims experience of any particular long-term disability plan insured by Hartford.

12. Hartford's claims department and Appeals Unit are completely separate business units from the financial and underwriting departments.

13. Neither the claims department nor the Appeals Unit seeks approval from Hartford's financial underwriters in connection with their decision-making on claims for disability benefits.

14. Hartford's financial and underwriting departments do not advise or influence the claims department or Appeals Unit with respect to the denial or termination of a claimant's benefits. Indeed, these units are kept separate from each other.

15. The office of the Chief Financial Officer of Hartford, and its affiliate, subsidiary or parent companies, do not have any involvement and do not participate in claims decisions on disability benefits at any level.

Dated: March 21, 2011

I declare under penalty of perjury that the foregoing is true and correct.

_____
BRUCE LUDDY

**CERTIFICATE OF SERVICE**

    I, DANIEL M. MEIER, hereby certify that a true and correct copy of the attached **DECLARATION OF BRUCE LUDDY** was served via regular mail and ECF on March 29, 2011 upon:

Scott M. Riemer Esq.
RIEMER & ASSOCIATES
60 East 42nd Street, Suite 1750
New York NY 10165
Business Phone:  (212) 297-0700
Business E-mail:  sriemer@riemerlawfirm.com

                          s/ Daniel Meier
                          DANIEL M. MEIER

Dated: New York, NY
       March 29, 2011