UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
KAREN BARRETT,                                          Civ. Act. No.: 10-CV-4600 (AKH)

                           Plaintiff,

            -against-

                                                        DOCUMENT
HARTFORD LIFE AND ACCIDENT                              ELECTRONICALLY FILED
INSURANCE COMPANY,

                           Defendant.
--------------------------------------------------------X

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
STRIKE PLAINTIFF'S IMPROPER EXTRA-RECORD SUBMISSION**

---

                                        SEDGWICK LLP
                                        Attorneys for Defendants
                                        HARTFORD LIFE INSURANCE COMPANY
                                        125 Broad Street, 39th Floor
                                        New York, New York 10004-2400
                                        Telephone: (212) 422-0202
                                        Facsimile:  (212) 422-0925

Michael H. Bernstein
John T. Seybert
Daniel M. Meier
            *Of Counsel*

**<u>TABLE OF CONTENTS</u>**

<u>Page</u>

PRELIMINARY STATEMENT...................................................................................................1

ARGUMENT.............................................................................................................................2

    POINT I

    THIS COURT MAY NOT CONSIDER BARRETT'S IMPROPER EXTRA-RECORD
    SUBMISSION TO PROVE HER ENTITLEMENT TO LTD BENEFITS .................................2

    POINT II

    THIS COURT SHOULD STRIKE BARRETT'S EXTRA-RECORD SUBMISSIONS
    BECAUSE THEY WERE NOT PREVIOUSLY IDENTIFIED AS DISCLOSED IN
    DISCOVERY.........................................................................................................................5

CONCLUSION.........................................................................................................................11

CERTIFICATE OF SERVICE .................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### Cases

*Baker* v. *ACE Advertisers' Serv., Inc.*,
   153 F.RD. 38 (S.D.N.Y. 1992) ........................................................................................6

*Bergquist* v. *Aetna U.S. Healthcare*,
   289 F. Supp. 2d 400 (S.D.N.Y. 2003) .............................................................................3

*Cine Forty-Second Street Theatre Corp.* v. *Allied Artists Pictures Corp.*,
   602 F.2d 1062 (2d Cir. 1979) ..........................................................................................6

*Cohen* v. *Metropolitan Life Ins. Co.*,
   485 F. Supp.2d 339 (S.D.N.Y. 2007) ..............................................................................4

*Conkright* v. *Frommert*,
   130 S.Ct. 1640 (2010) ................................................................................................. 2, 4

*Durakovic* v. *Building Service 32 BJ Pension Fund*,
   609 F.3d 133 (2d Cir. 2010) ............................................................................................8

*Finley* v. *Hartford Life And Accident Insurance Co.*,
   No. C 06-06247, 2009 WL 3517648 (N.D. Cal. Oct. 26, 2009)
   *rev'd* No. 09-177778, 2010 WL 4116636 (9th Cir. Oct. 19, 2010) ...............................9

*Firestone Tire and Rubber Co.* v. *Bruch*,
   489 U.S. 101 (1989) .........................................................................................................2

*Geiger* v. *Alstom Signaling Inc.*,
   No. 06-cv-561-CJS, 2010 WL 1509343 (W.D.N.Y. Apr. 14, 2010) ...............................3

*Gessling* v. *Group Long Term Disability Plan For Employees Of Sprint*,
   693 F. Supp. 2d 856 (S.D. Ind. 2010) .............................................................................9

*Grimes* v. *Prudential Financial, Inc.*,
   No. 09-419 (FLW), 2010 WL 2667424 (D.N.J June 29, 2010) .......................................4

*Hagopian* v. *Johnson Fin. Group, Inc.*,
   No. 09-C-926, 2010 WL 3808666 (E.D. Wis. Sept. 23, 2010) .......................................9

*Hickman* v. *Taylor*,
   329 U.S. 495 (1947) .........................................................................................................6

*Hobson* v. *Metropolitan Life Ins. Co.*,
   574 F.3d 75 (2d Cir. 2009) .......................................................................................... 2, 8

NY/703394v2

*Jacoby* v. *Hartford Life and Accident Insurance Company,*
    07 CV 4627 (LAK)(RLE)....................................................................................... 7, 8, 9

*Kindig* v. *Anthem Life Ins. Co.,*
    No. 07-cv-6282 (CJS), 2009 WL 909632 (W.D.N.Y. Mar. 31, 2009) ..................................4

*King* v. *Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry,*
    No. 01-cv-2604(ILG), 2003 WL 22071612 (E.D.N.Y. Sept. 5, 2003)..................................5

*Magee* v. *Metropolitan Life Ins. Co.,*
    No. 07-cv-88169(WHP), 2009 WL 3682423 (S.D.N.Y. Oct. 15, 2009)................................3

*Mehaj* v. *Building Serv. 32B-J Health Fund,*
    No. 04 Civ. 7613(LLS), 2005 WL 2030283 (S.D.N.Y. Aug. 23, 2005)................................3

*Metropolitan Life Ins. Co.* v. *Glenn,*
    554 U.S. 105, 128 S.Ct. 2343 (2008) ...............................................................................2

*Miller* v. *United Welfare Fund,*
    72 F.3d 1066 (2d Cir. 1995) ..........................................................................................2, 3

*Miller* v. *United Welfare Fund,*
    72 F.3d 1066 (2d Cir. 1995) ................................................................................................3

*Muller* v. *First Unum Life Ins. Co.,*
    341 F.3d 119 (2d Cir. 2003) ................................................................................................2

*Nelson* v. *Unum Life Ins. Co. of Am.,*
    421 F.Supp.2d 558 (E.D.N.Y. 2006)
    *aff'd* 232 Fed. Appx. 23 (2d Cir. 2007)..............................................................................4

*Pepe* v. *Newspaper And Mail Deliver's-Publishers' Pension Fund,*
    559 F.3d 140 (2d Cir. 2009) ................................................................................................4

*Perez* v. *Siragusa,*
    No. 05-cv-4873 (CPS)(JMA), 2008 WL 2704402, (E.D.N.Y. Jul. 3, 2008).........................6

*Ramstine* v. *Hartford Life Ins. Co.,*
    No. 08-cv-942, 2010 WL 3718860 (N.D.N.Y. Sept. 14, 2010)............................................8

*Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan,*
    No. 09-2284-cv, 2010 WL 625003 (2d Cir. Feb. 24, 2010) ................................................2

*Salute* v. *Aetna Life Ins. Co.,*
    No. 04 CV 2035(TCP)(MLO), 2005 WL 1962254 (E.D.N.Y. Aug. 9, 2005).........................3

*Update Art, Inc.* v. *Moddin Publishing Ltd.,*
    842 F.2d 67 (2d Cir. 1988) ..................................................................................................6

iii

*Wiener* v. *Health Net Of Conn., Inc.*,
 No. 07 4651-cv, 2009 WL 427337 (2d Cir. Feb. 23, 2009) ..................................................................4

## Statutes

ERISA §502 (a)(1)(B), 29 U.S.C. §1132(a)(1)(B) ....................................................................................7

Employee Retirement Income Security Act of 1974 ("ERISA"),
 29 U.S.C. §1001, et seq..........................................................................................................................1

## Rules

FED. R. CIV. P. 37(c)................................................................................................................... 1, 5, 6

FED. R. CIV. P. 56(e) ........................................................................................................................1

FED. R. CIV. P. 26(a),.......................................................................................................................6

NY/703394v2

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support of Defendant Hartford Life and Accident Insurance Company's ("Hartford") motion pursuant to Rules 37(c) and 56(e) FED. R. CIV. P., striking plaintiff Karen Barrett's ("Barrett") improper extra-record submissions attached as Exhibits "C" through "H" to the Affirmation of Scott M. Riemer, dated May 17, 2011 (Doc. No. 29) ("Riemer Affirmation" or "Riemer Aff."), consisting of extra-record communications and documents, an outdated organizational chart of Hartford dated January 27, 2009; performance appraisals produced by Hartford in an unrelated case; and descriptions of Hartford's Business Performance Award and Individual Performance Award which were also produced by Hartford in an unrelated case.  Barrett submitted these documents in opposition to Hartford's motion for summary judgment as "proof" that Hartford was somehow conflicted in its decision-making on her claim.  This purported "proof" of the existence of a financial conflict of interest, however, is not relevant to this case.  In discovery, Hartford produced the relevant organizational charts, the performance evaluations for the Ability Analyst and Appeals Specialist who decided Barrett's claim for benefits and the compensation information for the Ability Analyst and Appeals Specialist.  Since Barrett sought to use irrelevant information that she neither identified or produced in discovery, nor tied into any aspect of this case, the evidence is entirely irrelevant to this action and should be stricken.

In her Complaint, Barrett claims that Hartford's denial of her claim for long-term disability ("LTD") benefits under the Greystone & Co., Inc. ("Greystone") employee benefit Plan (the "Plan") was arbitrary and capricious.  This action is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA") and Hartford is vested with full discretionary authority under the Plan to interpret Plan terms and determine participants' entitlement to benefits.  Under well-settled controlling authority in this Circuit, this Court may not consider evidence outside of the administrative record to review Hartford's determination.  Accordingly,

Barrett's extra-record material at Exhibits "C," "D" and "G" may not be considered by this Court. Barrett also submits outdated irrelevant documents in support of her argument that Hartford's final determination denying her LTD benefits claim was a product of a conflict of interest.  But the Court may not consider these submissions because she failed to identify them in her initial disclosures in violation of FRCP Rule 26(a).  Barrett's extra-record submissions should therefore be stricken for this reason as well.

## ARGUMENT

## POINT I

### THIS COURT MAY NOT CONSIDER BARRETT'S IMPROPER EXTRA-RECORD SUBMISSION TO PROVE HER ENTITLEMENT TO LTD BENEFITS

The Plan vests Hartford with "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy."  (029, 050). [1] When a claim administrator is given such discretionary authority to determine a claimant's eligibility for benefits, the court must review its decision with a strong measure of deference and may only reverse the administrator's actions if the court finds them to be arbitrary and capricious. *See Conkright* v. *Frommert*, 130 S.Ct. 1640, 1646 (2010); *Metropolitan Life Ins. Co.* v. *Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 2347-48 (2008); *Firestone Tire and Rubber Co.* v. *Bruch*, 489 U.S. 101, 115 (1989).  It is well settled that when performing this review, the Court must not consider any evidence outside of the "administrative record," which consists solely of those documents before the claims administrator at the time it made its final benefit determination. *See Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*, No. 09-2284-cv, 2010 WL 625003, *2 (2d Cir. Feb. 24, 2010); *Hobson*, 574 F.3d at 89); *Muller* v. *First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003); *Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); *Geiger* v. *Alstom*

---

[1] These numbers in parentheses refer to the Bates Stamped pages starting with the prefix "BARRETT 000__," which are annexed to the accompanying Declaration of Deanie Wallis, dated March 22, 2011, Doc. No. 13 ("Wallis Dec."), as Exhibits "A" through "B."

*Signaling Inc.*, No. 06-cv-561-CJS, 2010 WL 1509343 at *12 (W.D.N.Y. Apr. 14, 2010); *Magee* v.

*Metropolitan Life Ins. Co.*, No. 07-cv-88169(WHP), 2009 WL 3682423, *2 (S.D.N.Y. Oct. 15, 2009); *Mehaj*

v. *Building Serv. 32B-J Health Fund*, No. 04 Civ. 7613(LLS), 2005 WL 2030283, *3 (S.D.N.Y. Aug. 23,

2005); *Salute* v. *Aetna Life Ins. Co.*, No. 04 CV 2035(TCP)(MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug.

9, 2005); *Maskara* v. *First Unum Life Ins. Co.*, No. 03 Civ. 498(MHD), 2004 WL 1562722, *1 (S.D.N.Y.

Jul. 13, 2004); *Bergquist* v. *Aetna U.S. Healthcare*, 289 F. Supp. 2d 400, 411 (S.D.N.Y. 2003).

All of these decisions are consistent with the ruling of the U.S. Court of Appeals for the Second

Circuit in *Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995).  In *Miller*, the appellants argued

that the Court should not have considered the affidavit of a nurse that plaintiff-respondent submitted in

support of his motion for summary judgment.  In reversing the District Court's ruling that it could

consider the affidavit, the Second Circuit held that the District Court improperly considered the affidavit

because:

> We follow the majority of our sister circuits in concluding that a district court's
> review under the arbitrary and capricious standard is limited to the administrative
> record.  Because district courts are required to limit their review to the administrative
> record, it follows that, if upon review a district court concludes that the Trustees'
> decision was arbitrary and capricious, it must remand to the Trustees with
> instructions to consider additional evidence unless no new evidence could produce a
> reasonable conclusion permitting denial of the claim or remand would otherwise be a
> "useless formality." This rule is consistent with the fact that nothing "in the
> legislative history suggests that Congress intended that federal district courts would
> function as substitute plan administrators" and with the ERISA "goal of prompt
> resolution of claims by the fiduciary."

*Id.* at 1071 (citations omitted).  Thus, as a matter of controlling law, Exhibits "C", "D", and "G" that

were attached to Attorney Riemer's Affirmation cannot possibly be part of the administrative record

concerning Barrett's claim for ERISA benefits because they are not included in the administrative record.

Barrett now argues that the letters annexed to Attorney Riemer's Affirmation were "suspiciously"

excluded from the record.  But Barrett has had the record since March 2010 and has not once asserted

that it was incomplete.  (0078).  Indeed, on August 30, 2010, Hartford provided a copy of the exact set of

documents that are attached to the Declaration of Deanie Wallis, and again, Barrett did not object or state that the record was incomplete.   (Declaration of Michael H. Bernstein dated June 21, 2011 ("Bernstein Dec."), Ex. "E").   Neither did she identify her new submission as evidence she intends to rely upon in her initial disclosures.  (Bernstein Dec., Ex. "F").   Accordingly, this Court may not consider Exhibits "C," "D" or "G" as a matter of law.  *See Wiener* v. *Health Net Of Conn., Inc.*, No. 07 4651-cv, 2009 WL 427337, *3 (2d Cir. Feb. 23, 2009); *Nelson* v. *Unum Life Ins. Co. of Am.*, 421 F. Supp. 2d 558, 573 (E.D.N.Y. 2006) *aff'd* 232 Fed. Appx. 23 (2d Cir. 2007) (finding that the Court may not consider evidence prepared after the record was closed).

In this case, Barrett did not submit this purported proof to Hartford for consideration during the administrative appeal.  As Deanie Wallis, a Hartford Appeals Specialist, explained in Hartford's appeal determination letter dated March 12, 2010, "This is our final determination with respect to your appeal, our record is closed, and no further review will be conducted with respect to this claim."  (138).  Since Barrett did not submit this "proof" to Hartford in support of her claim for LTD benefits, it is an extra-record submission that is not part of the administrative record to be considered by this Court in determining whether Hartford's decision-making was arbitrary and capricious.

Based on the foregoing controlling case law, Barrett's extra-record submissions cannot be considered in connection with the parties' respective dispositive motions because the Court is not free to accept and review such extra-record materials that were not made available for Hartford to consider before it rendered its final claim determination on Barrett's administrative appeal.  *See Conkright*, 130 S.Ct. at 1646; *see also Grimes* v. *Prudential Financial, Inc.*, No. 09-419 (FLW), 2010 WL 2667424, *1 (D.N.J June 29, 2010); *Kindig* v. *Anthem Life Ins. Co.*, No. 07-cv-6282 (CJS), 2009 WL 909632, *7 (W.D.N.Y. Mar. 31, 2009); *see also Pepe* v. *Newspaper And Mail Deliver's-Publishers' Pension Fund*, 559 F.3d 140, 149 (2d Cir. 2009) (remanding claim because Court could not review additional extra-record evidence); *Cohen* v. *Metropolitan Life Ins. Co.*, 485 F. Supp. 2d 339, 353 (S.D.N.Y. 2007) (same).

4

Accordingly, this Court should strike Exhibits "C," "D," "G" to Attorney Riemer's Affirmation because they are improper, extra-record documents that this Court may not consider on an administrative record review of Barrett's ERISA benefit claim.

**POINT II**

**THIS COURT SHOULD STRIKE BARRETT'S EXTRA-
RECORD SUBMISSIONS BECAUSE THEY WERE NOT
PREVIOUSLY IDENTIFIED AS DISCLOSED IN
DISCOVERY**

Barrett served her initial disclosures on September 13, 2010 and, in that disclosure, identified documents that she intended to rely on in her prosecution of this action. None of the categories of documents required to be identified in those initial disclosures can be fairly read to exclude the documents Barrett submitted in her opposition or justify her failure to identify them in this disclosure. (Bernstein Dec., Ex. "F"). Indeed, it appears that Barrett's counsel has been in possession of these documents for several years but failed to identify or produce them until her opposition to Hartford's Summary Judgment motion. Thus, Hartford was deprived of the opportunity to consider these documents and respond to Barrett's arguments based on these belated submissions. Due to Barrett's failure to properly disclose this evidence in discovery, she is precluded by Rule 37(c) from relying on Exhibits "C" through "H" to the Riemer Affirmation to support her motion. *See King* v. *Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry*, No. 01-cv-2604(ILG), 2003 WL 22071612 (E.D.N.Y. Sept. 5, 2003).

Rule 37(c)(1), FED. R. CIV. PROC., provides that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Barrett did not previously identify or disclose the documents attached as Exhibits "C" through "H" to the Riemer Affirmation during the course of discovery in this action.  Consequently, she is barred from introducing these documents and raising related arguments based on those documents.

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman* v. *Taylor*, 329 U.S. 495, 507 (1947).  Barrett was required to previously disclose to Hartford her intention to rely upon these documents.  Rule 26(a), FED. R. CIV. PROC. explicitly requires that each party identify or produce:

> (ii) a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Barrett failed to identify or produce the documents contained in Exhibits "C" through "H" to the Riemer Affirmation at any time during the course of discovery in this action.

The prohibition on a party's use of information or evidence that it failed to previously identify and/or disclose on a motion, at a hearing or at a trial, unless the failure was substantially justified or is harmless, was enacted to "'ensure that a party will not benefit from its own failure'" to comply with discovery obligations.  *See Perez* v. *Siragusa*, No. 05-cv-4873 (CPS)(JMA), 2008 WL 2704402, at *3 (E.D.N.Y. Jul. 3, 2008) (quoting *Update Art, Inc.* v. *Moddin Publishing Ltd.*, 842 F.2d 67, 71 (2d Cir. 1988)). "Preclusionary orders ensure that a party will not be able to profit from its own failure to comply." *Cine Forty-Second Street Theatre Corp.* v. *Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979).

Rules 26(a) and 37(c), FED. R. CIV. P., are designed to prevent the "sandbag" tactics Barrett employed in this case.  *See Baker* v. *ACE Advertisers' Serv., Inc.*, 153 F.RD. 38, 40 (S.D.N.Y. 1992). Barrett's attempt to "sandbag" Hartford is manifest because she did not submit these documents in support of her own dispositive motion, which would have at least allowed Hartford an opportunity to respond to her arguments based on these belated submissions in its opposition to that motion.  (Doc.

Nos. 18-21).  Moreover, while all the documents referenced in Attorney Riemer's Affirmation existed before Barrett commenced this action, she did not identify or disclose any of them until she filed her Opposition to Defendant's Summary Judgment and In Reply In Support of Summary Judgment (hereinafter, "Barrett's Opp."), on May 18, 2011.  Specifically, Barrett identifies in her Opposition papers, for the first time, Hartford's organizational chart dated January 27, 2009, which was allegedly produced by Hartford in the case of *Jacoby* v. *Hartford Life and Accident Insurance Company*, 07 CV 4627 (LAK)(RLE). (Riemer Aff., Ex. "E").  Exhibit "F" to the Riemer Affirmation consists of copies of Hartford's performance appraisals from the case of *Jacoby* v. *Hartford*, but which was never identified or disclosed by Barrett prior to her submission of her Opposition motion.  (Riemer Aff., Ex. "F").  Barrett also submits, for the first time, descriptions of Hartford's Business Performance Award and Individual Performance Award, also from *Jacoby* v. *Hartford*, which, likewise, were never identified by Barrett in her initial disclosures.  (Riemer Aff., Ex. "H").

Notably, Hartford supplemented its discovery with copies of organizational charts for 2008 through 2009 (BARRETT 000740-64),[2] copies of performance evaluations for the Ability Analyst and Appeals Specialist between 2007 and 2009 (BARRETT 000683-739), and compensation information for the Ability Analyst and Appeals Specialist for the years 2008 through 2010.  Remarkably, Barrett does not reference any of these documents, which were produced in response to her discovery requests in this action, and instead, improperly submits documents that were produced in another case.  Accordingly, Barrett's decision to withhold all the evidence she relies on in support of her summary judgment motion cannot be considered harmless because it prevented Hartford from investigating the facts set forth in these documents with respect to Barrett's ERISA § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) claim for benefits and thus, deprived Hartford of the ability to properly defend itself in this action.

---

[2] These documents are "Confidential" under the Court's Stipulated Protective Order and were not submitted to the Court for consideration.

It is also a telling indictment of Barrett's tactics on her summary judgment motion that she resorts to attaching documents from the unrelated case of *Jacoby* v. *Hartford Life and Accident Insurance Company*, 07 CV 4627 (LAK)(RLE)*,* in order to provide "support" for her meritless conflict arguments. As mentioned above, Barrett requested and received from Hartford voluminous documents in discovery *specifically related to the performance evaluations and compensation information for the Ability Analyst and Appeals Specialist who actually decided her claim*, as well as organizational charts for the relevant time period for her claim. Almost none of this material, however, has been submitted to the Court in support of Barrett's conflict arguments in her summary judgment motion because none of it supports her baseless claim that conflict of interest influenced Hartford's decision-making. The Second Circuit has ruled that "[n]o weight is given to a conflict in the absence of any evidence that that the conflict actually affected the administrator's decision." *Durakovic* v. *Building Service 32 BJ Pension Fund*, 609 F.3d 133, 139 (2d Cir. 2010) (citing *Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 83 (2d Cir. 2009). The fact that Barrett ignores the documents that she obtained in discovery in this matter, and instead purports to rely on outdated, irrelevant material from another case concerning individuals who had nothing to do with her claim, confirms that she lacks any basis to argue that conflict of interest actually affected Hartford's determination of her claim.

Similarly, Barrett incorrectly argues that Hartford seeks to rely on evidence developed in other actions to prove that Hartford took steps in her case to reduce the influence of conflict of interest. (Opp., p. 22). Barrett's argument is inaccurate, however, because Hartford provided proof in support of its motion for summary judgment, in admissible form and specific to this action in support of its motion. (Luddy Dec., Doc. No. 14; Wallis Dec., Doc. No. 13). This proof is similar to the proof considered by five other U.S. District Courts in similar cases, and which the Second Circuit also found to be compelling on this point. (Memorandum of Law In Support of Its Motion For Summary Judgment, Doc. No. 16, at pp. 31-32). While Barrett calls this a "particularly perilous way to make factual findings," she fails to heed

her own concerns on this point when she cites to three cases that did not involve submissions of declarations similar to the ones provided by Luddy and Wallis in this action. (Barrett's Opp. at 22).

Further undercutting Barrett's hollow complaints about Defendant's competent evidentiary proof is the fact that she improperly cites to the U.S. District Court decision in *Finley* v. *Hartford Life And Accident Insurance Co.*, No. C 06-06247, 2009 WL 3517648 (N.D. Cal. Oct. 26, 2009) that was *reversed* by the U.S. Court of Appeals for the Ninth Circuit, which held that "[t]he district court erred in assigning controlling weight to the conflict of interest factor because . . . the evidence in this case does not indicate that the conflict 'tainted the entire administrative process.'" No. 09-177778, 2010 WL 4116636, at *1 (9th Cir. Oct. 19, 2010). Indeed, Barrett's attempt to argue that conflict of interest should be given greater weight by string citing groups of factually dissimilar cases has been repeatedly rejected. *See Mugan* v. *Hartford Life Group Ins. Co.*, No. 09-cv-6711(NRB), 2011 WL 291851, at *11, n. 9 (S.D.N.Y. Jan. 20, 2011); *Gessling* v. *Group Long Term Disability Plan For Employees Of Sprint*, 693 F. Supp. 2d 856, 872 (S.D. Ind. 2010); *see also Hagopian* v. *Johnson Fin. Group, Inc.*, No. 09-C-926, 2010 WL 3808666, *8 (E.D. Wis. Sept. 23, 2010).

Furthermore, Barrett's reliance on documents produced in the unrelated matter of *Jacoby* v. *Hartford* regarding Rehabilitation Clinical Case Managers ("RCCM") to argue that Hartford was conflicted in its decision-making on her claim (Opp. at pp. 21-22) is particularly egregious and should be stricken because the Plan itself is clear that assisting claimants to return to work is an additional service required by the insurance contract; it is *not* part of the claims review procedure. (0022). Moreover, there is no evidence in the administrative record concerning Barrett's claim that an RCCM assisted Barrett with her return to work. Also, Barrett's argument that as a result of a "dotted-line" report between Hartford's executives, there is no separation between its claims/appeals department and its financial department, is absurd. (Opp. at p. 21). The outdated chart she improperly submitted hardly shows that Hartford's claims department is connected to its finance department. If anything, it shows that the finance

department had a minor reporting duty to the head of the claims department, but otherwise completely fails to raise any issue of fact as to the efficacy of Hartford's "walling-off" procedures that both Luddy and Wallis describe in their Declarations.  Notably, this very argument was specifically rejected by Judge Buchwald in *Mugan*, 2011 WL 291851, at \*11.  Barrett also incorrectly argues based on the improperly submitted, outdated chart, that Ability Analysts and Appeals Specialists are not kept separate with respect to the cases they decide because Hartford's Director of Appeals reports to the Assistant Vice-President of Risk Management, who in turn reports to the head of the claims department.  (Opp. at p. 21).  This "Rube-Goldberg" argument is, at best, an attenuated stretch based on nothing more than wishful thinking.   The record amply demonstrates that the Ability Analyst, Angela McDuffie, had *no* communication with Wallis, who ultimately decided Barrett's appeal.  (Wallis Dec., ¶7).  Thus, the organizational structure of senior level management is irrelevant to this issue.

Barrett's failure to identify or produce these documents during discovery has prevented Hartford from having an opportunity to make further discovery demands and demonstrates the erroneous and irrelevant nature of these documents and arguments.  For these reasons, the court should strike Exhibits "C" through "H" to Attorney Riemer's Affirmation because they were not disclosed in discovery.

## **CONCLUSION**

For the foregoing reasons, this Court should strike Exhibits "C" through "H" to the Affirmation

of Scott M. Riemer.

Dated:  New York, New York
      June 21, 2011

                    Respectfully Submitted,

                    s/_____
                    Michael H. Bernstein (MB 0579)
                    John T. Seybert (JS 5014)
                    Daniel M. Meier (DM 2833)
                    SEDGWICK LLP
                    *Attorneys for Defendants*
                    HARTFORD LIFE INSURANCE COMPANY
                    125 Broad Street, 39th Floor
                    New York, New York 10004-2400
                    Telephone: (212) 422-0202
                    Facsimile:  (212) 422-0925
                    [SDMA File No. 02489-000082]

## CERTIFICATE OF SERVICE

I, DANIEL M. MEIER, hereby certify and affirm that a true and correct copy of the attached

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S IMPROPER EXTRA-RECORD SUBMISSION** was served via ECF on

this 21st day of June, 2011, upon the following:

> Scott M. Riemer Esq.
> Riemer & Associates
> 60 East 42nd Street, Suite 1750
> New York NY 10165
> Business E-mail:  sriemer@riemerlawfirm.com

s/_____
DANIEL M. MEIER

Dated:     New York, New York
           June 21, 2011