UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KAREN BARRETT,                                       Civ. Act. No.: 10-CV-4600 (AKH)

                       Plaintiff,

     -against-

HARTFORD LIFE AND ACCIDENT                DOCUMENT
INSURANCE COMPANY,                               ELECTRONICALLY FILED

                       Defendant.
------------------------------------------------------------X


## DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF ITS MOTION TO STRIKE
## PLAINTIFF'S IMPROPER EXTRA-RECORD SUBMISSIONS

                       SEDGWICK LLP
                       Attorneys for Defendants
                       HARTFORD LIFE INSURANCE COMPANY
                       125 Broad Street, 39th Floor
                       New York, New York 10004-2400
                       Telephone: (212) 422-0202
                       Facsimile:  (212) 422-0925

Michael H. Bernstein
John T. Seybert
Daniel M. Meier
    *Of Counsel*

NY/706177v1

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................................... i

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ................................................................................................................................ 2

    POINT I:

    THIS COURT MAY NOT CONSIDER BARRETT'S
    IMPROPER EXTRA-RECORD SUBMISSION TO
    PROVE HER ENTITLEMENT TO LTD BENEFITS ................................................. 2

    POINT II:

    THIS COURT SHOULD STRIKE BARRETT'S
    EXTRA-RECORD SUBMISSIONS BECAUSE THEY
    WERE NOT PREVIOUSLY IDENTIFIED AS
    DISCLOSED IN DISCOVERY ................................................................................... 6

CONCLUSION ............................................................................................................................. 9

CERTIFICATE OF SERVICE ................................................................................................... 10

NY/706177v1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bergquist* v. *Aetna U.S. Healthcare,*
  289 F. Supp. 2d 400 (S.D.N.Y. 2003) ................................................................................... 5

*Conkright* v. *Frommert,*
  130 S.Ct. 1640 (2010) ............................................................................................................ 5

*Cook* v. *N.Y. Times Co. Long Term Disability Plan,*
  No. 02 Civ. 9154 (GEL), 2004 WL 203111 (S.D.N.Y. Jan. 30, 2004) ............................. 4, 5

*DeFelice* v. *American Int'l Life Assurance Co.,*
  112 F.3d 61 (2d Cir. 1997) .................................................................................................... 3

*Durakovic* v. *Building Service 32 BJ Pension Fund,*
  609 F.3d 133 (2d Cir. 2010) .................................................................................................. 7

*Fitzpatrick* v. *Bayer Corp.,*
  No. 04 Civ. 5134 (RJS), 2008 WL 169318 (S.D.N.Y. Jan. 17, 2008) .................................. 4

*Fry* v. *Hartford Ins. Co.,*
  No. 09-cv-6669(CJS)(MWP), 2011 WL 1672474 (W.D.N.Y. May 3, 2011) ........................ 3

*Geiger* v. *Alstom Signaling Inc.,*
  No. 06-cv-6561(CJS), 2010 WL 1509343 (W.D.N.Y. Apr. 14, 2010) .................................. 4

*Greenberg* v. *Unum Life Ins. Co. of Am.,*
  No. CV-03-1396(CPS), 2006 WL 842395 (E.D.N.Y. Mar. 27, 2006) .................................. 4

*Griffin* v. *N.Y. State Nurses Assoc. Pension Pland & Benefits Fund,*
  757 F. Supp.2d 199 (E.D.N.Y. 2010) .................................................................................... 4

*Hobson* v. *Metropolitan Life Ins. Co.,*
  574 F.3d 75 (2d Cir. 2009) ................................................................................................ 2, 7

*Juliano* v. *Health Maint. Org. of N.J.,*
  221 F.3d 279 (2d Cir. 2000) .................................................................................................. 5

*Leccese* v. *Metropolitan Life Ins. Co.,*
  No. 05-cv-6345(CJS), 2007 WL 1101096 (W.D.N.Y. Apr. 12, 2007) ................................. 4

*Locher* v. *Unum Life Ins. Co. of Am.,*
  389 F.3d 288 (2d Cir. 2004) .................................................................................................. 5

*Magee* v. *Metropolitan Life Ins. Co.*,
    No. 07-cv-88169(WHP), 2009 WL 3682423 (S.D.N.Y. Oct. 15, 2009) ................................. 4

*Miller* v. *United Welfare Fund*,
    72 F.3d 1066 (2d Cir. 1995) ............................................................................................. 2, 4

*Muller* v. *First Unum Life Ins. Co.*,
    341 F.3d 119 (2d Cir. 2003) ................................................................................................. 2

*Parisi* v. *Unumprovident Corp.*,
    No. 3:03cv01425, 2007 WL 4554198 (D. Conn. Dec. 21, 2007) ........................................ 4

*Perezaj* v. *Building Serv. 32B-J Pension Fund*,
    No. CV-04-3768, 2005 WL 1993392 (E.D.N.Y. Aug. 17, 2005) ......................................... 5

*Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*,
    No. 09-2284-cv, 2010 WL 625003 (2d Cir. Feb. 24, 2010) ................................................. 2

*Salute* v. *Aetna Life Ins. Co.*,
    No. 04 CV2035 (TCP) (MLO), 2005 WL 1962254 (E.D.N.Y. Aug. 9, 2005) ...................... 5

*Wiener* v. *Health Net of Connecticut, Inc.*,
    No. 07-4651-cv, 2009 WL 427337 (2d Cir. Feb. 23, 2009) ................................................. 3

*Zervos* v. *Verizon New York, Inc.*,
    277 F.3d 635 (2d Cir. 2002) ................................................................................................. 4

**Statutes**

Fed. R. Civ. P. 26(a) ....................................................................................................................... 8

Fed. R. Civ. P. 37(c) ....................................................................................................................... 1

Fed. R. Civ. P. 56(e) ....................................................................................................................... 1

iii

NY/706177v1

**PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted in reply to Plaintiff's opposition dated June 28, 2011 (Doc No. 37 ("Opp.")) to Defendant Hartford Life and Accident Insurance Company's ("Hartford") motion pursuant to Rules 37(c) and 56(e) FED. R. CIV. P., striking plaintiff Karen Barrett's ("Barrett") improper extra-record submissions attached as Exhibits "C" through "H" to the Affirmation of Scott M. Riemer, dated May 17, 2011 (Doc. No. 29) ("Riemer Aff.").

Barrett offers Exhibits "C," "D," and "G" to prove her claim that Hartford's decision to deny her claim for long-term disability ("LTD") benefits under the Greystone & Co., Inc. ("Greystone") employee benefit Plan (the "Plan") was arbitrary and capricious. Under controlling law from the U.S. Court of Appeals for the Second Circuit, this Court's review is limited to the administrative record. Barrett asserts that these documents were part of the administrative record but cannot identify these documents anywhere in the administrative record that was authenticated and attached to the Declaration of Deanie Wallis dated March 22, 2011 (Doc. No. 13). Moreover, the documents making up the administrative record were produced to Barrett on August 30, 2010 and Barrett never objected or asserted that the administrative record that has been produced was incomplete. Thus, Barrett's argument that the documents are part of the administrative record is baseless.

Barrett also misleadingly argues that this Court may supplement the administrative record based on "good cause." But the cases that Barrett cites are inapposite because they address the scope of review under the *de novo* standard of review, which is inapplicable in this case. It is well-settled that under the arbitrary and capricious standard of review, the District Court does not have discretion to consider evidence that was not before a claims administrator that has been vested with discretionary authority when it rendered its final determination following the administrative appeal. This Court may not act as a substitute claim administrator and consider evidence that is outside the administrative record.

Finally, the majority of these documents were not even disclosed by Barrett in discovery nor identified in her Rule 26(a) Initial Disclosure. Barrett fails to proffer any reasonable justification for not disclosing Exhibits "C" through "H" before discovery closed.

For these reasons as set forth more fully below, this Court should grant Defendants' motion to strike Barrett's extra-record submission.

## ARGUMENT

### POINT I

### THIS COURT MAY NOT CONSIDER BARRETT'S IMPROPER EXTRA-RECORD SUBMISSION TO PROVE HER ENTITLEMENT TO LTD BENEFITS

Barrett concedes that the appropriate standard of review in this case is the deferential arbitrary and capricious standard of review. (Plaintiff's Memorandum of Law dated March 29, 2011, Doc. No. 21, p. 8). It is well settled that when performing its review pursuant to this standard, the Court must not consider any evidence outside of the "administrative record," which consists solely of those documents before the claims administrator at the time it made its final benefit determination. *See Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*, No. 09-2284-cv, 2010 WL 625003, *2 (2d Cir. Feb. 24, 2010); *Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 89 (2d Cir. 2009); *Muller* v. *First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003); *Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995).

Barrett argues that Exhibits "C," "D," and "G" to Attorney Riemer's Affirmation are contained in the administrative record and therefore should be considered by this Court. Barrett, however, cannot identify where these documents exist in the record. Moreover, Barrett has been in possession of the administrative record since August 2010 and never claimed it was incomplete. In fact, discovery closed six months later without Barrett ever identifying Exhibits "C," "D," or "G" as documents that should be included as part of administrative record.

2

Barrett argues that Exhibit "D" (The Medical Disability Advisor) to Attorney Riemer's Affirmation was incorporated into the record by reference because an independent medical record peer reviewing physician referenced this manual.  But the U.S. Court of Appeals rejected this same argument in *Wiener* v. *Health Net of Connecticut, Inc.*, No. 07-4651-cv, 2009 WL 427337 (2d Cir. Feb. 23, 2009).  In *Wiener*, the patient challenged the insurer's determination to deny coverage for growth hormone therapy as not medically necessary on the grounds that the decision was arbitrary and capricious.  The Second Circuit affirmed the district court's holding that the insurer's decision was arbitrary and capricious but vacated that portion of the opinion relying on the Federal Drug Administration's ("FDA") standard, which was referenced by IPRO, an independent medical review company.  The Second Circuit found that only IPRO referred to this standard, that IPRO was not the claim administrator and that there was no evidence in the administrative record setting forth the FDA standard. *Id.* at *3.  Accordingly, the Second Circuit found that district court had incorrectly considered evidence outside of the administrative record when it determined that remand would be futile because it evaluated the plaintiff's claim under the FDA standard cited by IPRO, which was not explained by nor incorporated by reference by the insurer, who was vested with discretionary authority to make the claim determination.

Barrett's second argument, asserting that this Court can expand the administrative record upon a showing of good cause, is frivolous.  In support, Barrett cites to *DeFelice* v. *American Int'l Life Assurance Co.*, 112 F.3d 61 (2d Cir. 1997) for the proposition that a party may supplement the record under an arbitrary and capricious standard of review for "good cause" shown.  But *DeFelice* addresses whether a party may supplement the administrative record under the *de novo* standard of review, which is inapplicable in this case.

In fact, Barrett's argument has been routinely rejected by Courts in this Circuit.  Most recently in *Fry* v. *Hartford Ins. Co.*, No. 09-cv-6669(CJS)(MWP), 2011 WL 1672474, *2 (W.D.N.Y. May 3, 2011), the

3

U.S. District Court for the Western District of New York struck plaintiff's extra-record submissions because:

> The legal standard for considering evidence outside the administrative record depends on the standard of review to be applied to the claim. For a *de novo* review of the administrator's decision, the district court ought not to accept additional evidence absent good cause. [*Zervos* v. *Verizon New York, Inc.*, 277 F.3d 635, 646 (2d Cir. 2002).] For a review under the arbitrary and capricious standard, however, a district court's review . . .is limited to the administrative record. *Miller*, 72 F.3d at 1071.

(quoting *Parisi* v. *Unumprovident Corp.*, No. 3:03cv01425, 2007 WL 4554198, *8 (D. Conn. Dec. 21, 2007)); *see also Griffin* v. *N.Y. State Nurses Assoc. Pension Pland & Benefits Fund*, 757 F. Supp.2d 199, 211-12 (E.D.N.Y. 2010); *Geiger* v. *Alstom Signaling Inc.*, No. 06-cv-6561(CJS), 2010 WL 1509343, *13 (W.D.N.Y. Apr. 14, 2010); *Fitzpatrick* v. *Bayer Corp.*, No. 04 Civ. 5134 (RJS), 2008 WL 169318, *9 (S.D.N.Y. Jan. 17, 2008); *Leccese* v. *Metropolitan Life Ins. Co.*, No. 05-cv-6345(CJS), 2007 WL 1101096, *5 (W.D.N.Y. Apr. 12, 2007). Therefore, this Court is without discretion to accrete the record with Barrett's extra-record submissions. *See Magee* v. *Metropolitan Life Ins. Co.*, No. 07-cv-88169(WHP), 2009 WL 3682423, *2 (S.D.N.Y. Oct. 15, 2009).

Barrett also cites *Cook* v. *N.Y. Times Co. Long Term Disability Plan*, No. 02 Civ. 9154 (GEL), 2004 WL 203111 (S.D.N.Y. Jan. 30, 2004), as support for her argument that this Court may consider extra-record evidence under an arbitrary and capricious review. In *Cook*, the Court stated that it was applying the arbitrary and capricious standard of review but mistakenly relied on *DeFelice*, which, as noted above, expressly concerns the test for admission of extra-record evidence when a "*de novo*" standard of review is applied. 2004 WL 203111, at *18. Thus, the Court's ruling in *Cook* is inconsistent with governing law on point and cannot provide support for Barrett's assertion that this Court may accept extra-record evidence when conducting an arbitrary and capricious review. To the contrary, it is well established in this Circuit that a District Court may *not* do so. *See Miller*, 72 F.3d at 1071; *Greenberg* v. *Unum Life Ins. Co. of Am.*, No. CV-03-1396(CPS), 2006 WL 842395, *8 (E.D.N.Y. Mar. 27, 2006) (quoting *Miller*, 72 F.3d at

4

1071 to state "[f]inally, in reviewing the administrator's decision, 'district courts may consider only the evidence that the fiduciaries themselves considered.'"); *Perezaj* v. *Building Serv. 32B-J Pension Fund*, No. CV-04-3768, 2005 WL 1993392, *7 (E.D.N.Y. Aug. 17, 2005) (concluding that "the Court is without authority to consider evidence that was not part of the record before the Appeals Committee."); *Salute* v. *Aetna Life Ins. Co.*, No. 04 CV2035 (TCP) (MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug. 9, 2005); *Bergquist* v. *Aetna U.S. Healthcare,* 289 F. Supp. 2d 400, 411 (S.D.N.Y. 2003) (refusing to consider affidavit of doctor submitted after final claim decision).

Even if this Court's review was to be done under the *de novo* standard (which it is not), Barrett's "showing" of good cause falls well short of the mark. It is well-settled however, that a structural conflict of interest, on its own, is insufficient to meet the threshold requirement of "good cause"[1] to accrete the record under *de novo* review. *Locher* v. *Unum Life Ins. Co. of Am.*, 389 F.3d 288, 296 (2d Cir. 2004)[2]. Yet, Barrett argues that "good cause" exists for the Court to consider her extra-record submissions because of Hartford's structural conflict of interest and her allegation that Hartford failed to conduct a "full and fair" review. But this argument is also without merit.

First, Barrett claims that Hartford staggers its defenses, referring to Hartford's decision to consider Barrett's medical condition on administrative appeal after initially denying Barrett's claim based on the lack of eligibility. But Barrett's argument is wrong because she fails to consider that she expressly requested that Hartford consider her medical records on administrative appeal, after Hartford initially found her to be ineligible for coverage under the Plan. A failure to perform a merits investigation into

---

[1] Barrett's reliance on the decision in *Cook*, 2004 WL 203111, at *18 is wrong for this reason as well because the Court found that a conflict of interest was sufficient to demonstrate good cause. A few months after the court's decision in *Cook*, the Second Circuit ruled in *Locher*, 389 F.3d at 296, that a plaintiff needed to make more of a showing than a mere conflict of interest to demonstrate "good cause" to accrete the record under *de novo* review.

[2] Barrett's citation to *Locher* and to *Juliano* v. *Health Maint. Org. of N.J.*, 221 F.3d 279 (2d Cir. 2000) are also inapposite because both of these cases involved a review by the Court under the *de novo* standard of review, where the Court was not required to defer to the claim administrator's determinations. *See Conkright* v. *Frommert*, 130 S.Ct. 1640, 1646 (2010).

5

the medical records may have resulted in waiver of that issue. *See, e.g., Lauder* v. *First Unum Life Ins. Co.*, 284 F.3d 375 (2d Cir. 2002). Thus, Hartford's consideration of Barrett's medical condition was done in response to her request and therefore, is not evidence of the existence of any procedural irregularity. Rather, it is evidence of Hartford's willingness to consider every argument and point raised by Barrett on her administrative appeal.

Second, Barrett claims that Hartford failed to correct its deficiencies in its initial denial letter. (Opp., p. 6). Again, this purported deficiency results from Barrett's request on administrative appeal that Hartford consider her medical records in connection with its review of her claimed eligibility for Plan benefits. Because Barrett did not provide any office visit notes or office records from her attending physicians prior to the date Hartford issued its initial determination on July 21, 2009 and then submitted those records in connection with her administrative appeal, there were no medical records for Hartford to address at the initial review level. (Wallis Dec., Ex. "B," at 109, 168-378).

Third, Barrett claims that Hartford failed to provide an additional opportunity for her to prove that she was disabled based on her physical condition. (Opp., p. 6). This purported deficiency is again a result of Barrett's request on administrative appeal that Hartford consider her physical condition despite the fact that Hartford had denied her claim for benefits on the ground that she was actually working at the time she claimed to be disabled. (Wallis Dec., Ex. "B," at 088-91). Therefore, Barrett was the architect of the circumstance of which she now complains and Hartford cannot be faulted for the fact the she requested have her medical records considered at the administrative appeal level.

Accordingly, this Court should strike Exhibits "C," "D," "G" to Attorney Riemer's Affirmation because they are improper, extra-record documents that this Court may not consider on an administrative record review of Barrett's ERISA benefit claim.

## POINT II

### THIS COURT SHOULD STRIKE BARRETT'S EXTRA-RECORD SUBMISSIONS BECAUSE THEY WERE NOT PREVIOUSLY IDENTIFIED OR DISCLOSED IN DISCOVERY

Barrett failed to provide any notice in her Initial Disclosure Statement that she intended to rely on any of the documents attached to the Riemer Affidavit as Exhibits "C" and "H." Indeed, Barrett pursued discovery and obtained volumes of Hartford documents that are specific to the facts of this case, including the evaluations of the Ability Analyst and Appeals Specialist who *actually* decided Barrett's claim for LTD benefits. Rather than referring to any of this material, Barrett offers as evidence of Hartford's purported conflict of interest a performance evaluation from a Rehabilitation Clinical Case Manager ("RCCM") from an entirely different case who had nothing to do with Barrett's claim. (Barrett concedes that "an RCCM was not involved with her claim." (Opp., p. 7)).) The Second Circuit has ruled that "[n]o weight is given to a conflict in the absence of any evidence that the conflict actually affected the administrator's decision." *Durakovic* v. *Building Service 32 BJ Pension Fund*, 609 F.3d 133, 139 (2d Cir. 2010); *see Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 83 (2d Cir. 2009). Accordingly, Hartford had no reason to believe that Barrett would utilize irrelevant evidence gathered in an unrelated case to prove her claims in this matter. Barrett's failure to identify or disclose these documents in her Initial Disclosure as information that she intended to rely on and her failure to use those documents in her initial moving papers demonstrate that Barrett's intent was to "sandbag" Hartford by not disclosing these documents until Hartford did not have an opportunity to respond to them and explain their lack of relevance.

Barrett argues that her vague reference to "correspondence" in her Initial Disclosure Statement should excuse her failure to produce copies of correspondence purportedly exchanged between Hartford, Barrett and Barrett's former employer, Greystone. (Opp., p. 7). But Barrett's argument is misplaced because the use of the word "correspondence" fails to contain sufficient detail to comply with

7

Rule 26(a). Barrett had an obligation to provide more specificity than to merely state "correspondence." In contrast, Hartford produced 518 pages of documents with its Initial Disclosure Statement. (Bernstein Dec., Ex. "E"). Accordingly, Barrett's Initial Disclosure Statement failed to provide sufficient information to put Hartford on notice of her intent to rely on additional documents outside of the administrative record.

Barrett also argues that her failure to make these disclosures in her Initial Disclosure Statement should be excused because she attached the performance evaluations and portions of an outdated "claims manual" to her Complaint. (Opp., p. 7). But Barrett had no reason to rely on this information from another case when she received evidence actually related to the facts of her own case in this litigation.[3] Accordingly, attaching documents to her Complaint that are admittedly irrelevant to the facts in this case hardly complies with Rule 26(a).

Barrett also misrepresents the purpose of Hartford's citations to other cases, suggesting that each case Hartford cited is evidence that Hartford took active steps to reduce the influence of a financial conflict of interest in Barrett's case. (Opp., p. 8). The cases cited by Hartford demonstrate that a number of courts have found that the evidence Hartford submitted to demonstrate that it has taken steps to wall off claims from finance, which is the same evidence offered in this case, has been accepted as proof that Hartford has taken steps to reduce the influence of conflict of interest on decision-making. In contrast, Barrett cites cases in which the Court found Hartford's decision-making to be arbitrary and capricious, but this finding is hardly evidence Hartford's decision-making in this case was arbitrary and capricious. Clearly, this Court's decision must be based on the evidence in this case and not a finding from another case based on entirely different facts.

---

[3] Barrett's failure to even attempt to rely on any of the conflict discovery she obtained in this case, and instead her improper citation to irrelevant proof from another matter, suggests her awareness of the fact that the evidence she obtained in her case does not support her allegations that conflict influenced Hartford's decision-making on her claim.

8

Barrett's failure to identify or produce these documents during discovery has prevented Hartford from having an opportunity to serve her with further discovery demands and demonstrates the irrelevant nature of these documents and arguments. For these reasons, the Court should strike Exhibits "C" through "H" to Attorney Riemer's Affirmation because they were not identified or disclosed in discovery.

## CONCLUSION

For the foregoing reasons and those set forth in Hartford's initial motion papers, this Court should strike Exhibits "C" through "H" to the Affirmation of Scott M. Riemer.

Dated: New York, New York
       June 29, 2011

Respectfully Submitted,

s/_____
Michael H. Bernstein (MB 0579)
John T. Seybert (JS 5014)
Daniel M. Meier (DM 2833)
SEDGWICK LLP
*Attorneys for Defendants*
HARTFORD LIFE INSURANCE COMPANY
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925
[SDMA File No. 02489-000082]

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S IMPROPER EXTRA-RECORD SUBMISSION** was served via ECF on this 29th day of June, 2011, upon the following:

>Scott M. Riemer Esq.
>Riemer & Associates
>60 East 42nd Street, Suite 1750
>New York NY 10165
>Business E-mail: sriemer@riemerlawfirm.com

s/_____
JOHN T. SEYBERT

Dated:  New York, New York
        June 29, 2011