Scott M. Riemer (SR 5005)
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
(212) 297-0700
sriemer@riemerlawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KAREN BARRETT,                                        10 CV 4600 (AKH)(MHD)

                        Plaintiff,

       -against-

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY,

                        Defendant.
------------------------------------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW
# IN SUPPORT OF AN AWARD OF
# ATTORNEYS' FEES AND COSTS

Of Counsel:

Scott M. Riemer

TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT .....................................................................................................1

ARGUMENT ...................................................................................................................................2

    I.    ATTORNEYS' FEES SHOULD BE AWARDED TO BARRETT ..........................2

        A.    BARRETT ACHIEVED "SOME SUCCESS ON THE MERITS" BECAUSE THIS COURT REMANDED BARRETT'S CLAIM TO HARTFORD ...................................................................................3

        B.    EVEN IF *ARGUENDO*, THE *CHAMBLESS* FACTORS APPLY, ALL OF THE *CHAMBLESS* FACTORS FAVOR BARRETT ........................................4

            1.    Hartford Engaged In Culpable Conduct ...................................................5

            2.    Hartford Has The Ability To Satisfy An Award Of Attorneys' Fees ......6

            3.    An Award Of Attorneys' Fees Would Deter Other Persons From Acting Similarly Under Like Circumstances .................................6

            4.    The Merits Favor Barrett ..........................................................................7

            5.    The Action Conferred A Common Benefit ............................................7

    II.    THE COURT SHOULD AWARD $89,024.40 IN ATTORNEYS' FEES AND $586.14 IN COSTS ...................................................................................8

        A.    THE HOURLY RATES REQUESTED REFLECT THE PREVAILINGMARKET RATES ..................................................................8

        B.    THE NUMBER OF HOURS REQUESTED IS REASONABLE ......................11

CONCLUSION .............................................................................................................................12

TABLE OF AUTHORITIES

*Algie v. RCA Global Comms., Inc.*, 891 F. Supp. 875 (S.D.N.Y. 1994),
 *aff'd,* 60 F.3d 956 (2d Cir. 1995) ................................................................................................2

*Arbor Hill Concerned Citizens Neighborhood Ass. v. County of Albany*, 522 F.3d 182
(2d Cir. 2007) .............................................................................................................................8-9

*Birmingham v. SoGen-Swiss Int'l Corp. Retirement Plan*, 718 F.2d 515 (2d Cir. 1983) .................2

*Blanchard v. Bergeron*, 489 U.S. 87 (1989) ....................................................................................8

*Chambless v. Masters, Mates & Pilots Pension Plan,* 815 F.2d 869 (2d Cir. 1987) ....................4-8

*Chapman v. Choicecare Long Island Long Term Disability Plan*, 2009 U.S. App. LEXIS 233
(2d Cir. Jan. 8, 2009) ......................................................................................................................2

*Citrin v. O'Hara,* 918 F. Supp. 792 (S.D.N.Y. 1996) ......................................................................2

*Clark  v. First Unum Life Ins. Co.*, 2009 U.S. Dist. LEXIS 36054 (S.D.N.Y. Apr. 28, 2009) .........7, 10

*Cohen v. Metropolitan Life Ins. Co.*, 2007 U.S. Dist. LEXIS 86099 (S.D.N.Y. Nov. 21, 2007) ......7

*Cook v. N.Y. Times Co. Group,* 2004 U.S. Dist. LEXIS 8306 (S.D.N.Y. Apr. 13, 2004) .................3

*Davis v. New York City Housing Authority*, 2002 U.S. Dist. LEXIS 23738
(S.D.N.Y. Dec. 6, 2002) ..................................................................................................................9

*Geist v. Hartford Life & Accident Ins. Co*., 2010 U.S. Dist. LEXIS 134854
 (W.D.N.Y. Dec. 21, 2010) ..............................................................................................................5

*Hardt v. Reliance Standard Life Ins. Co.*, 2010 U.S. LEXIS 4164 (May 24, 2010) .........................2, 3, 5

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ....................................................................................8

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998) .......................................................8-9

*Locher v. UNUM Life Ins. Co. of America*, 389 F.3d 288 (2d Cir. 2004) .....................................6-7

*Luciano v. Olsten Corp.*, 109 F.3d 111 (2d Cir. 1997) ....................................................................8

*Mason Tenders Dist. Council Welfare Fund v. Leed's Constr. Corp.,* 2001 U.S. Dist. LEXIS 887
(S.D.N.Y. Jan. 30, 2001) .................................................................................................................9

*Mendez v. TIAA-CREF*, 982 F.2d 783 (2d Cir. 1992) .....................................................................4

*Miller v. United Welfare Fund*, 72 F.3d 1066 (2d Cir. 1995)............................................................4

*Owen v. Soundview Fin. Group, Inc.*, 54 F.Supp.2d 305 (S.D.N.Y. 1999),
*aff'd*, 208 F.3d 203 (2d Cir. 2000) ...................................................................................................2

*Paese v. Hartford Life and Accident Ins. Co.*, 449 F.3d 435 (2d Cir. 2006) ..................................6-7

*Palmiotti v. Metro. Life Ins. Co.*, 2006 U.S. Dist. LEXIS 37490 (S.D.N.Y. June 6, 2006) ..............3

*Patrolmen's Benevolent Assn. of the City of New York v. The City of New York*,
2003 U.S. Dist. LEXIS 13472 (S.D.N.Y. July 29, 2003) ................................................................8-9

*Perreca v. Gluck*, 2004 U.S. Dist. LEXIS 24429 (S.D.N.Y. Dec. 3, 2004) ......................................2

*Quatarino v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999)................................................................11

*Scalamandre v. Oxford Health Plans (N.Y.), Inc.*, 823 F. Supp. 1050 (E.D.N.Y 1993) ...................2

*Sheehan v. Metropolitan Life Ins. Co.*, 450 F.Supp.2d 321 (S.D.N.Y. 2006) ...................................2

*Taaffe v. Life Ins. Co. of N. Am.*, 2011 U.S. Dist. LEXIS 20539 (S.D.N.Y. Feb. 23, 2011) .............4, 10

*Veltri v. Building Service 32B-J Pension Fund*, 2004 U.S. Dist. LEXIS 6834
 (S.D.N.Y. Apr. 19, 2004)................................................................................................................5-7

*Winkler v. Metro. Life Ins. Co.*, 2006 U.S. Dist. LEXIS 56464 (S.D.N.Y. Aug. 10, 2006)..............10

*Winkler v. Metro. Life Ins. Co.*, 2006 U.S. Dist. LEXIS 70180 (S.D.N.Y. Sep. 28, 2006)................3

 *Zervos v. Verizon New York, Inc.*, 2002 U.S. Dist. LEXIS 22051 (S.D.N.Y. Nov. 13, 2002) .........2

*Zoller v. INA Life Ins. Co. of New York,* 06 Civ. 0112 (RJS) (Exhibit B) .........................................10

FEDERAL STATUTES AND REGULATIONS

ERISA § 502(g)(1), 29 U.S.C. §1132(g)(1).................................................................................2, 4-5

29 C.F.R. §2560.503-1........................................................................................................................4

iii

PRELIMINARY STATEMENT

This memorandum of law is submitted by Plaintiff Karen Barrett ("Barrett") in support of her application for attorneys' fees under ERISA § 502(g)(1) in the amount of $89,024.40, and costs in the amount of $586.14.

The requested fees should be granted because Barrett exceeded the *Hardt* standard of "some success on the merits" when this Court "remand[ed] the matter to Hartford for further review of Barrett's claim for long-term disability benefits. ("7/5/11 Remand Order"). To the extent that the five *Chambless* factors are still valid in light of the Supreme Court's ruling in *Hardt*, all favor Barrett.

The requested fees are reasonable. In calculating the requested fees, plaintiff used the hourly rates that Riemer & Associates LLC routinely charges its over 150 hourly rate clients. Such rates are fully commensurate with the rates charged by other attorneys within this District, and all of the hours spent on the case were necessary to achieve the outcome. The requested fees of $89,024.40 already reflect a voluntary 10% reduction to account for any alleged inefficiency or redundancy. The Lodestar amount was $98,916.00. If, however, the Court believes that the full amount of hours expended were reasonable, Plaintiff requests that the Court award all such time.

The requested costs of $586.14 merely seek to reimburse Barrett for *some*, but not all, of her necessary out-of-pocket expenses in vindicating her right to ERISA benefits.

ARGUMENT

I.      ATTORNEYS' FEES SHOULD BE AWARDED TO BARRETT

Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1), provides for an award of attorneys' fees and costs[1] in ERISA actions.  Section 502(g)(1) provides:

> In any action under this title (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow reasonable attorney's fee and costs of action to either party.

The Supreme Court, in *Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2158 (2010), authorizes an award of attorney fees in ERISA cases "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue." *Id*.  This is consistent with (if not more liberal than) the line of Second Circuit cases that favored awarding attorney's fees to a "prevailing party" in ERISA cases "in the absence of some particular justification for not doing so."  *See, e.g.*, *Chapman v. Choicecare Long Island Long Term Disability Plan*, 2009 U.S. App. LEXIS 233, at *3 (2d Cir. Jan. 8, 2009) (summary order); *Birmingham v. SoGen-Swiss Int'l Corp. Retirement Plan*, 718 F.2d 515, 523 (2d Cir. 1983); *Sheehan v. Metro. Life Ins. Co.*, 450 F.Supp.2d 321, 325 (S.D.N.Y. 2006); *Perreca v. Gluck*, 2004 U.S. Dist. LEXIS 24429 (S.D.N.Y. Dec. 3, 2004); *Zervos v. Verizon New York, Inc.*, 2002 U.S. Dist. LEXIS 22051 (S.D.N.Y. Nov. 13, 2002); *Owen v. Soundview Fin. Group, Inc.*, 54 F.Supp.2d 305, 326 (S.D.N.Y. 1999), *aff'd*, 208 F.3d 203 (2d Cir. 2000); *Citrin v. O'Hara,* 918 F. Supp. 792, 800 (S.D.N.Y. 1996); *Scalamandre v. Oxford Health Plans (N.Y.), Inc.,* 823 F.

---

[1] The type of "costs" that are recoverable are all reasonable out-of-pocket expenses incurred by the attorney which are normally charged to fee-paying clients.  *Algie v. RCA Global Communications, Inc.*, 891 F. Supp. 875, 898 (S.D.N.Y. 1994), *aff'd*, 60 F.3d 956 (2d. Cir. 1995).

2

Supp. 1050, 1064 (E.D.N.Y 1993).

### A. BARRETT ACHIEVED "SOME SUCCESS ON THE MERITS" BECAUSE THIS COURT REMANDED BARRETT'S CLAIM TO HARTFORD

*Hardt* is directly analogous to the instant case. In *Hardt*, the district court remanded plaintiff's claim to the plan administrator for a full and fair review. 130 S.Ct. at 2154. The Supreme Court concluded that plaintiff achieved "some success on the merits" noting that plaintiff "persuaded the [d]istrict [c]ourt to find that 'the plan administrator [] failed to comply with the ERISA guidelines' and 'that [plaintiff] did not get the kind of review to which she was entitled under applicable law.'" *Id*. at 2158-59. In doing so, the Supreme Court rejected defendant's argument that "a court order remanding an ERISA claim for further consideration can never constitute some success on the merits." *Id*.

In this Circuit, courts routinely have awarded attorney's fees in matters involving a remand even prior to *Hardt* under the "prevailing party" standard as opposed to the current, more lenient, "some success on the merits" standard. *See, e.g., Cook v. N.Y. Times Co. Group,* 2004 U.S. Dist. LEXIS 8306, *5-6 (S.D.N.Y. Apr. 13, 2004)(Lynch, J.)(rejecting defendant's argument, that plaintiff should not be awarded fees in a case involving a remand to the plan administrator, reasoning "that plaintiff <u>prevailed</u> in the litigation, and achieved a successful outcome by convincing the Court that the defendant had not fairly decided her claim."). *See also*, *Winkler v. Metro. Life Ins. Co.*, 2006 U.S. Dist. LEXIS 70180, *12-13 (S.D.N.Y. Sep. 28, 2006) (explaining that fees and costs may be awarded pursuant to [§1132(g)(1)] to a plaintiff who obtains the vacatur of an insurance company's denial of benefits and a remand for further reconsideration); *Palmiotti v. Metro. Life Ins. Co.*, 2006 U.S. Dist. LEXIS 37490, *2 (S.D.N.Y. June 6, 2006)(same).

Here, Hartford failed to follow the administrative scheme mandated by the regulations

issues by the Department of Labor in 29 C.F.R. §2560.503-1 in administering Barrett's claim:

- Hartford improperly staged its defenses. Instead of specifying all of its reasons for denial in its initial denial letter, Hartford specified its "lack of disability" reason for denial only in the final appeal denial.

- Hartford failed to correct the deficiencies in its initial denial letter even though Barrett provided Hartford two opportunities to do so.

- Hartford failed to provide Barrett the opportunity to address Hartford's "lack of disability" reason for denial, indicating that the appeal process was over.

By denying both parties' motions for summary judgment and "remand[ing] the matter to Hartford for further review of Barrett's claim for long-term disability benefits," this Court necessarily held that Barrett was not provided with a full and fair review of her claim. 7/5/11 Remand Order. Accordingly, Barrett demonstrated that she achieved "some success on the merits."

> B. EVEN IF *ARGUENDO*, THE *CHAMBLESS* FACTORS APPLY, ALL OF THE *CHAMBLESS* FACTORS FAVOR BARRETT

The Supreme Court in *Hardt* has called into question the continued validity of the five factors under *Chambless*:[2]

> Because these five factors bear no obvious relation to §1132(g)(1)'s text or to our fee-shifting jurisprudence, they are not required for channeling a court's discretion when awarding fees under this section.

130 S.Ct. at 2158.[3]  *See also, Taaffe v. Life Ins. Co. of N. Am.*, 2011 U.S. Dist. LEXIS 20539, at

---

[2] The five *Chambless* factor are: (1) the degree of the offending party's culpability or bad faith; (2) the ability of the offending party to satisfy an award of attorney's fees; (3) whether an award of attorney's fees would deter other persons from acting similarly under like circumstances; (4) the relative merits of the parties' positions; and (5) whether the action conferred a common benefit on a group of plan participants. *Miller v. United Welfare Fund*, 72 F.3d 1066, 1074 (2d Cir. 1995) (citing *Chambless v. Masters, Mates & Pilots Pension Plan,* 815 F.2d 869, 872 (2d Cir. 1987)); *Mendez v.TIAA-CREF*, 982 F.2d 783, 788 (2d Cir. 1992).

[3] The Supreme Court, however, states in a footnote, "We do not foreclose the possibility that once a claimant has satisfied this requirement, and thus becomes eligible for a fees award under

4

*26 (S.D.N.Y. Feb. 23, 2011) (determining that the Court need not address the five *Chambless* factors after finding that plaintiff achieved "some success on the merits"). Indeed, even prior to *Hardt*, courts within this Circuit have called into question the applicability of one or more of the factors in a given case. *Veltri v. Building Service 32B-J Pension Fund*, 2004 U.S. Dist. LEXIS 6834, at *5 (S.D.N.Y. Apr. 19, 2004)("The five factors are guiding criteria, but the party seeking the award need not establish all five and no one factor is dispositive.").

In light of *Hardt*, this Court, at minimum, should not apply the first and fourth *Chambless* factors. Not only are the factors not supported by the statutory language, *Hardt*, 130 S.Ct. at 2158, but they negate the holding in *Hardt*. The first *Chambless* factor requires a finding of bad faith or culpable conduct (which implies a finding greater than simply prevailing), but *Hardt* makes it perfectly clear that fees are appropriate even with the much less stringent finding of only some success. Likewise, the fourth factor requires the court to weigh the relative merits of the parties' positions. This requires the Court to do what *Hardt* specifically does not want. *Hardt* does not want a "lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Id*.

However, even if, *arguendo*, the *Chambless* factors remain relevant despite *Hardt*, fees should be granted to Barrett because the factors favor her.

### 1. Hartford Engaged In Culpable Conduct

The culpability requirement of the first *Chambless* factor is satisfied when the plaintiff is deprived of a full and fair review. *See, e.g.*, *Geist v. Hartford Life & Accident Ins. Co.*, 2010 U.S. Dist. LEXIS 134854 (W.D.N.Y. Dec. 21, 2010)(adopting the Report, Recommendation and Order of the Magistrate Judge concluding that Hartford satisfied the culpability requirement in a

---

§ 1132(g)(1), a court may consider the five factors adopted by the Court of Appeals, see n. 1, *supra*, in deciding whether to award attorney's fees." 130 S.Ct. at 2158, n.8.

5

matter that was remanded to the plan administrator for re-review); *Paese v. Hartford Life and Accident Ins. Co.*, 449 F.3d 435, 450 (2d Cir. 2006) ("[I]t was entirely appropriate for the district court to consider the degree to which Hartford failed to engage in a fair and open-minded consideration of Paese's claim."); *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 299 (2d. Cir. 2004) (failure to adequately investigate a claim and to base a denial on a doctor's report that lacked a scientific analysis of the medical evidence is culpable conduct); *Veltri*, 2004 U.S. Dist. LEXIS 6834, at *7-8 (failure to satisfy the full and fair review requirements is culpable conduct).

Here, Hartford's conduct was culpable because this Court necessarily held that Hartford failed to provide Barrett with a full and fair review by remanding her claim to Hartford "for further re-review of Barrett's claim." 7/5/11 Remand Order.

Accordingly, Hartford's conduct satisfies the culpability requirements of the first *Chambless* factor.

### 2. Hartford Has The Ability To Satisfy An Award Of Attorneys' Fees

Hartford cannot contest that it has the ability to satisfy Barrett's fee request.

### 3. An Award Of Attorneys' Fees Would Deter Other Persons From Acting Similarly Under Like Circumstances

When weighing this factor, Courts may consider the deterrent effect that the fee award would have on not just the particular defendant in the action, but also the effect it would have on all insurers. *Veltri,* 2004 U.S. Dist. LEXIS 6834, at *8.

In the instant case, a substantial fee award would deter Hartford from failing to provide claimants with a full and fair review in the future, and from arbitrarily denying its insureds' claims for benefits. *See Veltri*, 2004 U.S. Dist. LEXIS 6834, at *9 ("[A]n award of attorney's fees would provide incentives for a somewhat less cavalier attitude towards member inquiries in

the future."); *Locher*, 389 F.3d at 299 (award of fees would deter similarly inappropriate claims evaluation procedures); *Paese*, 2004 U.S. Dist. LEXIS 6040, at *34 (an award of attorney fees would put insurers "on notice that if they deny benefits to plan participants without engaging in a fair consideration of their claims, they will be subject to an award of attorney's fees and costs").

Without an award of attorneys' fees, there is little downside for Hartford to deprive claimants of full and fair reviews and to arbitrarily deny benefits. Even if a plaintiff were successful in a lawsuit, Hartford would only have to pay the benefits it was required to pay if it had complied with the law in the first place.

### 4. The Merits Favor Barrett

The fact that Barrett achieved "some success on the merits" and the fact that this Court necessarily held that Hartford failed to provide Barrett a fill and fair review by remanding her claim to the plan administrator demonstrates that the merits favor Barrett. (See Sections I(A), I(B)(1), *supra*.).

### 5. The Action Conferred A Common Benefit

Notwithstanding the fact that this factor alone does not preclude an award of attorney's fees in any case, *Clark v. First Unum Life Ins.*, 2009 U.S. Dist. LEXIS 36054, at *7 (S.D.N.Y. Apr. 28, 2009)(citing *Locher,* 389 F.3d at 299), the deterrent effect of attorneys' fees in this case would unquestionably confer a clear and common benefit upon other insureds under the Plan. *See Cohen v. Metro. Life Ins. Co.*, 2007 U.S. Dist. LEXIS 86099, *8 (S.D.N.Y. Nov. 21, 2007) ("[A] determination finding fault with an insurer's conduct in an individual action confers a common benefit on a group of plan participants in that the insurer will be deterred from improperly denying benefits under similar circumstances.").

II.  THE COURT SHOULD AWARD $89,024.40 IN ATTORNEYS' FEES AND $586.14 IN COSTS

Once a Court has determined that an award is warranted, it will assess a "reasonable fee." An assessment of such an award entails a detailed *ad hoc* inquiry into the particular case. *Chambless*, 815 F.2d at 1057-58. The Court will begin its analysis by calculating the "lodestar." The lodestar is "based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (citing *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)). In calculating the lodestar, the Court may exclude those hours it finds to be "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Patrolmen's Benevolent Assn. of the City of New York v. The City of New York*, 2003 U.S. Dist. LEXIS 13472, at *6 (S.D.N.Y. July 29, 2003).

Once a lodestar is calculated, the district court may consider other factors "that may lead [it] to adjust the fee upward or downward." *Hensley*, 461 U.S. at 434.[4] There is, however, a strong presumption that the lodestar figure represents a reasonable fee. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998).

A.  THE HOURLY RATES REQUESTED REFLECT THE PREVAILING MARKET RATES

The Second Circuit has held that "[t]he reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass. v. County of*

---

[4] The twelve factors enunciated in *Hensley* are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of the claim involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 461 U.S. at 430 n.3.

8

*Albany*, 522 F.3d 182, 190 (2d Cir. 2007). The Court explained further:

> In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

*Id*. at 190.

When determining hourly rates, current rates rather than historical rates should be applied in order to compensate for the delay in payment. *LeBlanc-Sternberg*, 143 F.3d at 764; *Patrolmen's Benevolent Assn.*, 2003 U.S. Dist. LEXIS 13472, at *10; *Davis v. New York City Housing Authority*, 2002 U.S. Dist. LEXIS 23738, at *5 (S.D.N.Y. Dec. 6, 2002); *Mason Tenders Dist. Council Welfare Fund v. Leed's Constr. Corp.,* 2001 U.S. Dist. LEXIS 887, at *7 (S.D.N.Y. Jan. 30, 2001) (ERISA case).

<u>Scott M. Riemer, Esq.</u>

Plaintiff requests $600 per hour for the time that Scott M. Riemer, Esq. spent on the case. Mr. Riemer is an ERISA specialist with 28 years of experience.  The requested rate is the rate that Mr. Riemer has been charging <u>all</u> of his hourly rate clients (numbering more than 150), since July 1, 2010.  Therefore, the hourly rate of $600 <u>is</u> the rate that paying clients pay for the time of Mr. Riemer.

The requested rate is also commensurate with the rates charged by other attorneys with similar experience.  (See **Exhibit 1:** Herbert Eisenberg, an attorney with 26 years of ERISA and employment law experience, charges his clients $600 per hour; Daniel Feinberg, an attorney with 21 years of ERISA and insurance law experience, charges his clients $650 per hour; Edgar Pauk, an attorney with over 29 years of ERISA experience, charges his clients $600 per hour; and

9

Robert Bach, an attorney with more than 21 years of ERISA and employment law experience, charges his clients $500 per hour); *see also, e.g.*, *Taaffe*, 2011 U.S. Dist. LEXIS 20539 at *28 (granting requested fees for Mr. Riemer at $560 per hour—the rate the Firm charged for his time in 2009); *Zoller v. INA Life Ins. Co. of New York,* 06 Civ. 0112 (RJS)(Orders of 7/29/09 and 8/6/09)(granting requested fees for Mr. Riemer at $560 per hour)(See **Exhibit 2**).

Sharon H. Lee, Esq.

Plaintiff requests $275 per hour for the time that Sharon H. Lee, Esq. spent on the case. Ms. Lee is an associate with almost two years of experience. The requested rate is the rate that Riemer & Associates LLC charges all of its hourly rate clients for her time.

Paralegal Services

Plaintiff requests $200 per hour for the paralegal services that Audrey Beerman and Ellen R. Mayer furnished on this case and $180 per hour for the paralegal services that Kasandra Gonzalez furnished on this case. The requested rates are the rates that Riemer & Associates LLC charges all of its hourly clients for their services since July 1, 2010. It is also commensurate with the rates awarded in this District for paralegals with their level of experience. *See, e.g.*, *Taaffe*, 2011 U.S. Dist. LEXIS 20539 at *29 (granting the requested rate of $180 per hour for Ms. Beerman and Ms. Mayer—the rate the Firm charged for their time in 2009); *Zoller v. INA Life Ins. Co. of New York, 06 Civ. 0112 (RJS)*(Orders of 7/29/09 and 8/6/09)(granting requested fees for paralegals at $180 per hour)(See **Exhibit 2**); *Clark*, U.S. Dist. LEXIS 36054, at *9-10 (finding the then-requested hourly rate of $150 per hour for Ms. Mayer's and another paralegal's time reasonable); *Winkler v. Metro. Life Ins. Co.*, 2006 U.S. Dist. LEXIS 56464, *2 (S.D.N.Y. Aug. 10, 2006)(finding the then-requested hourly rate of $130 per hour for Ms. Mayer's paralegal time reasonable).

B. THE NUMBER OF HOURS REQUESTED BY BARRETT
   IS REASONABLE

In calculating the initial lodestar, the Court is required to determine the number of hours reasonably spent on the litigation and to exclude any hours that were excessive, redundant, or otherwise unnecessary. *Quatarino v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999).

In order to assist the Court in determining the number of reasonable hours expended, plaintiff has divided the hours by task, showing the hours expended for each task performed:

| Task / Staff Member | Attorney Riemer @ $600 | Associate Lee @ $275 | Paralegal Mayer @ $200 | Paralegal Beerman @ $200 | Paralegal Gonzalez @ 180 | Total Value of Task |
|---|---|---|---|---|---|---|
| Client Communications | 3.55 | 0.00 | 0.30 | 0.50 | 0.15 | $2,317.00 |
| Complaint/Answer | 2.90 | 0.00 | 3.10 | 0.45 | 0.20 | $2,486.00 |
| Discovery/Discovery Motion | 5.90 | 13.30 | 0.00 | 0.85 | 1.30 | $7,601.50 |
| Motion for Summary Judgment | 29.20 | 26.50 | 19.10 | 5.00 | 0.10 | $29,645.50 |
| Opposition to Hartford Motion for Summary Judgment and Reply | 19.05 | 66.20 | 25.85 | 1.20 | 0.20 | $35,081.00 |
| Opposition to Motion to Strike | 0.40 | 20.80 | 0.35 | 0.35 | 0.00 | $6,100.00 |
| Oral Argument | 8.85 | 3.70 | 0.00 | 0.00 | 0.00 | $6,327.50 |
| Motion for Fees | 3.00 | 23.30 | 1.50 | 4.25 | 0.00 | $9,357.50 |
| TOTAL TIME | 72.85 | 153.80 | 50.20 | 12.60 | 1.95 | --- |
| TOTAL VALUE | $43,710.00 | $42,295.00 | $10,040.00 | $2,520.00 | $351.00 | $98,916.00 |
| TOTAL VALUE - 10% REDUCTION | $39,339.00 | $38,065.50 | $9,036.00 | $2,268.00 | $315.90 | $89,024.40 |

Total Value without Reduction: $98,916.00
Total Value with 10% Reduction: $89,024.40

(See **Exhibit 3**).

11

Costs

Plaintiff seeks $586.14 in costs, which represents some, but not all, of the out-of-pocket expenses expended on the case. (See **Exhibit 4**). Frequent out-of-pocket expenses for postage and miscellaneous copying were not charged to the case. The case was also not charged for the vast amount of LEXIS research conducted. The Firm pays a flat monthly rate to LEXIS for much of the research conducted. No attempt was made to prorate these monthly charges to the case.

All of those costs were necessarily incurred, and Plaintiff should be awarded his costs in full.

## CONCLUSION

For the reasons set forth above, Plaintiff requests attorneys' fees under ERISA §502(g)(1) in the amount of $89,024.40, and costs in the amount of $586.14.

Dated: New York, New York
July 19, 2011

>RIEMER & ASSOCIATES LLC
>Attorneys for Plaintiff
>60 East 42nd Street, Suite 1750
>New York, New York 10165
>(212) 297-0700
>sriemer@riemerlawfirm.com
>
>By: */s/ Scott M. Riemer*
>   Scott M. Riemer (SR 5005)

CERTIFICATE OF SERVICE

      I hereby certify that on July 19, 2011, I served a true and complete copy of the foregoing document by transmitting the same by electronic mail to the following individuals at the e-mail addresses indicated:

Michael H. Bernstein, Esq.
Sedgwick LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Tel.: (212) 422-0202
Fax: (212) 422-0925

I also certify that this document filed through the ECF system will be sent electronically to all registered participants on July 19, 2011.

Dated:  New York, New York
        July 19, 2011

                                            /s/ Scott M. Riemer_____
                                            Scott M. Riemer (SR 5005)
                                            RIEMER & ASSOCIATES, LLC
                                            60 East 42$_{nd}$ Street, Suite 1750
                                            New York, New York 10165
                                            (212) 297-0700
                                            sriemer@riemerlawfirm.com