Scott M. Riemer (SR 5005)
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
(212) 297-0700
sriemer@riemerlawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KAREN BARRETT,                                             10 CV 4600 (AKH)(MHD)

                Plaintiff,

    -against-

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY,

                Defendant.
-----------------------------------------------------------------X

# PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES AND COSTS

Of Counsel:

Scott M. Riemer

PRELIMINARY STATEMENT

Barrett's request under ERISA §502(g)(1) for an award of $94,596.40 in attorneys' fees, and $586.14 in costs should be granted. Please note that Barrett has increased her request for attorneys' fees from $89,024.40 to $94,596.40, to reflect $5,572.00 in legal fees incurred since July 20, 2011, in preparation of this reply brief. See Riemer Reply Aff., Ex. 5.

ARGUMENT

I. ATTORNEYS' FEES SHOULD BE AWARDED TO BARRETT

A. BARRETT ACHIEVED "SOME SUCCESS ON THE MERITS" BECAUSE THIS COURT REMANDED BARRETT'S CLAIM TO HARTFORD

Hartford incorrectly argues that Barrett did not achieve "some success on the merits" by attempting to distinguish *Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2158 (2010), from the instant case.

First, Hartford argues that "unlike in *Hardt*, this Court did not find that Hartford failed to consider any evidence submitted by Barrett or that Hartford failed to comply with ERISA's procedural regulations for a full and fair review." (Hartford Br., p. 4). In doing so, Hartford loses sight of the ultimate result in *Hardt*—a remand to re-review plaintiff's claim. Whether or not this Court determined that Hartford failed to provide a full and fair review (and it necessarily implicitly did so), is immaterial to Barrett's entitlement to attorney fees. Under *Hardt*, the result is determinative.

It is well-established in this Circuit for courts to award attorney's fees in matters involving a remand. *See, e.g., Cook v. N.Y. Times Co. Group,* 2004 U.S. Dist. LEXIS 8306, *5-6 (S.D.N.Y. Apr. 13, 2004)(Lynch, J.); *Winkler v. Metro. Life Ins. Co.*, 2006 U.S. Dist. LEXIS 70180, *12-13 (S.D.N.Y. Sep. 28, 2006); *Palmiotti v. Metro. Life Ins. Co.*, 2006 U.S. Dist. LEXIS 37490, *2 (S.D.N.Y. June 6, 2006). Hartford argues that these cases are "inapposite"

1

because the "court remanded the claim to the administrator for further consideration after finding that the claim administrator's original decision was arbitrary and capricious." (Hartford. Br., p. 5-6). Courts since *Hardt*, however, have held that a remand order <u>without more</u> satisfies the "some success on the merits" standard. *See Olds v. Retirement Plan of Int'l Paper Co.*, 2011 U.S. Dist. LEXIS 59329, *5 (S.D. Ala. June 1, 2011); *Spradley v. Owens-Illinois Hourly Employees Welfare Benefit Plan*, 2011 U.S. Dist. LEXIS 5924, *3 (E.D. Okla. Jan. 21, 2011); *Bowers v. Hartford Life & Accident Ins. Co.*, 2010 U.S. Dist. LEXIS 114663, *6 (S.D. Ohio Oct. 19, 2010); *McKay v. Reliance Standard Life Ins. Co.*, 654 F. Supp. 2d 731, 736 (E.D. Tenn. 2009), *aff'd,* 2011 U.S. App. LEXIS 13143 (6th Cir. 2011).

Second, Hartford argues that unlike in *Hardt* where plaintiff "specifically argued" that her claim should be remanded, Barrett is unable "to identify any relief she requested" because she "opposed any remand of her claim to Hartford." (Hartford Br., p. 3, 5). In doing so, Hartford injects an additional "requirement"—that a claimant must request the relief sought in order to achieve "some success on the merits." Not only does Hartford fail to provide any authority in support of this proposition, but this additional "requirement" has never been mandated by this Circuit. *See, e.g., Cook,* 2004 U.S. Dist. LEXIS 8306; *Winkler*, 2006 U.S. Dist. LEXIS 70180; *Palmiotti*, 2006 U.S. Dist. LEXIS 37490.[1] Again, the determinative fact is the <u>result</u> obtained. It makes no difference that the ultimate result granted was less than the relief requested or preferred by plaintiff.

The remainder of Hartford's arguments that Barrett did not achieve "some success on the merits" have been rejected by courts.

---

[1] The undersigned counsel represented the plaintiffs in *Cook, Winkler* and *Palmiotti*. The court in each of these cases remanded plaintiffs' claim to the insurer although the undersigned counsel did not "specifically request" a remand.

2

Hartford argues that the remand in the instant case is "purely a procedural ruling that should not form the basis for an award of attorney's fees." (Hartford Br., p. 6). In support, Hartford proffers a lone case from another jurisdiction, which appears to be a holdout considering that there have been many courts that have concluded the opposite. *See, e.g.*, *Michigan v. U.S. Env't Protection Agency*, 254 F.3d 1087, 1091 (D.C. Cir. 2001); *Frye v. Metro. Life Ins. Co.*, 2011 U.S. Dist. LEXIS 11364, *17 (W.D.W. Va. 2011); *Young v. Verizon's Bell Atlantic Cash Balance Plan,* 748 F. Supp. 2d 903, 911-12 (N.D. Ill. 2010); *Bowers*, 2010 U.S. Dist. LEXIS 114663 at *2; *Blajei v. Sedgwick Claims Management Servs., Inc.*, 2010 U.S. Dist. LEXIS 102793, *7-10 (E.D. Mich. 2010).

Hartford additionally argues that the instant motion is "not ripe because there has been no finding that Barrett is entitled to any of the benefits that she claims she is entitled to receive." (Hartford Br., p. 6). Hartford cites as authority *Yates v. Bechtel Co.*, 2011 WL 2462840 (E.D. Tenn. May 5, 2011), but *Yates* relied on a case that ultimately held (on appeal to the Circuit Court): "even though the final merits of [plaintiff's] claim had not yet been resolved. . .he has still seen success on the merits because his case was remanded for further consideration." *McKay,* 654 F. Supp. 2d 731, 736, *aff'd,* 2011 U.S. App. LEXIS 13143.

Accordingly, this Court's remand of Barrett's claim to Hartford satisfies the "success on the merits" standard.

      B.    EVEN IF *ARGUENDO*, THE *CHAMBLESS* FACTORS APPLY, ALL OF THE *CHAMBLESS* FACTORS FAVOR BARRETT

Hartford asserts that *Toussaint v. JJ Weiser, Inc.*, 2011 U.S. App. LEXIS 11410 (2d Cir. 2011)(*per curiam*) stood for the proposition that once a showing of "some success on the merits" is made, "the reviewing court <u>must</u> consider the *Chambless* factors to determine whether an award of fees is appropriate." (Hartford Br. p. 7-8). This is incorrect.

3

In *Toussaint*, the Second Circuit explained that the application of the *Chambless* factors was permissible at the discretion of the reviewing court, but it did not bar a reviewing court from awarding fees simply after finding "some success on the merits:"

> A court may apply—<u>but is not required to apply</u>—the *Chambless* factors in channeling [its] discretion when awarding fees under § 1132(g)(1). So long as a party has achieved some degree of success on the merits a court in its discretion may allow a reasonable attorney's fee and costs of action to either party. But it is not required to award fees simply because this pre-condition has been met.

*Id*. at *5. (emphasis added, citations omitted). The Court provides no further guidance as to when the application of the *Chambless* factors would be appropriate or inappropriate.

Relying on its misinterpretation of *Toussaint*, Hartford ignores the holding in *Taaffe v. Life Ins. Co. of N. Am.*, which determined that the Court need not address the five *Chambless* factors after finding that plaintiff achieved "some success on the merits." 2011 U.S. Dist. LEXIS 20539, *26 (S.D.N.Y. Feb. 23, 2011). Furthermore, Hartford fails to address why, at a minimum, the first and fourth *Chambless* factors should not be applied in light of *Hardt*.[2]

However, even if, *arguendo*, the *Chambless* factors remain relevant despite *Hardt*, fees should be granted to Barrett because all of the factors favor her.

### 1. Hartford Engaged In Culpable Conduct

Hartford's conduct was culpable because this Court necessarily made an implicit finding that Hartford failed to provide Barrett with a full and fair review by remanding her claim to Hartford "for further re-review of Barrett's claim." 7/5/11 Remand Order. Otherwise, the Court would be without power to order a remand and disregard the determination of Hartford as claims administrator.

During the June 20, 2011 Oral Argument, the Court rejected Hartford's allegation that it

---

[2] Hartford uses the excuse that Barrett did not provide case law supporting this argument when in actuality she provides a thorough explanation citing to *Hardt*. (Barrett Br., p. 4-5).

4

was Barrett who "staged" submission of proof and confirmed that Hartford's determination to terminate Barrett's benefits was made without an understanding of Barrett's disability. (Ex. A, Tr. 11:7-12.) ("I don't think there's any gaming here, I think there's a need to have a full examination of the event. This is a very difficult issue here. There's an imperfect understanding of allergies, it's very hard to identify an allergy, and if it's there it can wreak havoc on a person's life."). Furthermore, the Court expressed its concern regarding the administration of Barrett's claim. (*Id*. at 12:9-14.) ("The problem here is that the claims were precipitated on the eve of the demise of the insurance, and it looked like at the beginning you were denying the claim because time ran out. She was getting paid and working at home. It's not clear whether she was working at home or having a prolongation of the pay period").

Accordingly, Hartford's conduct satisfies the culpability requirements of the first *Chambless* factor.

### 2. Hartford Has The Ability To Satisfy An Award Of Attorneys' Fees

Hartford does not dispute that it has the ability to satisfy Barrett's fee request.

### 3. An Award Of Attorneys' Fees Would Deter Other Persons From Acting Similarly Under Like Circumstance

Hartford argues that the Court did not make a finding that Hartford failed to provide Barrett with a full and fair review. (Hartford Br., p. 12-13). As discussed in Sections 1(A) and (B)(1), by remanding Barrett's claim to Hartford "for further re-review," this Court necessarily made an implicit holding that Barrett was denied of a full and fair review." 7/5/11 Remand Order. As discussed *supra*, the Court highlighted that Hartford's determination to terminate Barrett's benefits was made without a full understanding of her disability. (Ex. A, Tr. 11:7-12).

Thus, awarding Barrett fees will warn plan administrators to be more attentive to its statutory obligation to provide claimants with a full and fair review by ensuring that

5

determinations are based on a thorough review of the claim file.

### 4. The Merits Favor Barrett

The fact that Barrett achieved "some success on the merits" by having her claim remanded to Hartford demonstrates that the merits favor Barrett. (See Sections I(A), I(B)(1), *supra*.).

### 5. The Action Conferred A Common Benefit

Hartford argues that "an individual action for an award of benefits under an ERISA governed LTD benefit plan…would still only confer a benefit on herself; no other plan participant would benefit from such a ruling." (Hartford Br., p. 13). This factor is not dispositive of awarding a fee award. *See Clark v. First Unum Life Ins.*, 2009 U.S. Dist. LEXIS 36054, at *7 (S.D.N.Y. Apr. 28, 2009)(citing *Locher v. UNUM Life Ins. Co. of America*, 389 F.3d 288, 299 (2d Cir. 2004).

Moreover, Hartford ignores the case law proffered by Barrett that supports otherwise. *See Cohen v. Metro. Life Ins. Co.*, 2007 U.S. Dist. LEXIS 86099, *8 (S.D.N.Y. Nov. 21, 2007) ("[A] determination finding fault with an insurer's conduct in an individual action confers a common benefit on a group of plan participants in that the insurer will be deterred from improperly denying benefits under similar circumstances.").

## II. THE COURT SHOULD AWARD $94,596.40 IN ATTORNEYS' FEES AND $586.14 IN COSTS

### A. THE DOCUMENTS SUBMITTED IN SUPPORT OF BARRETT'S FEE REQUEST ARE ADMISSIBLE

Hartford argues that the documents submitted (Exs. 1 through 4) in support of Barrett's request for fees and costs are inadmissible. (Hartford Br., p. 14-15). This argument is meritless. Notably, the undersigned counsel has submitted similar documents in other matters within this

District for requests for fees and costs, which have subsequently been awarded.[3]

### B. THE HOURLY RATES REQUESTED ARE REASONABLE

Barrett requested the following hourly rates: $600 for Scott M. Riemer; $275 for junior associate Sharon H. Lee; $200 for senior paralegals Audrey Beerman and Ellen Mayer; and $180 for paralegal Kasandra A. Gonzalez.

Hartford attacks only the rate for Scott M. Riemer. Hartford makes two assertions, both of which are demonstrably false.

First, Hartford asserts that "neither Mr. Riemer, nor any of the other attorneys who submitted affidavits, have provided any evidence that they have clients who are actually willing to pay them this rate." (Hartford Br., p. 17). This is incorrect. Hartford ignores paragraph 23 of the Riemer Affirmation, dated July 19, 2011, wherein Mr. Riemer affirmed that his Firm has over <u>150</u> current clients who pay the Firm the above-described rates. Paragraph 23 provides:

> 23. The hourly rates charged to <u>all of our current hourly clients (over 150)</u> are: $600 for Scott M. Riemer; $275 for junior associate time; $200 for senior paralegal time; and $180-200 for paralegal time. These rates are never subject to negotiation. The Firm started charging these rates effective July 1, 2010.[4]

(emphasis added).

Second, Hartford asserts that Mr. Riemer has been awarded much lower rates than $600. Hartford states:

> In recent cases, courts have awarded attorneys, including Mr. Reimer, significantly less than the fees claimed in this case. *See Clark v. First Unum Life Ins. Co.*, … 2009 WL 1150318, at *4 (S.D.N.Y. Apr. 29, 2009) (awarding fees to Mr. Reimer at a rate of $300 per hour); *Alfano v. CIGNA Life Ins. Co. of NY*, … 2009 WL 890626, at *3 (S.D.N.Y. Apr. 2, 2009) (awarding fees at $450 per hour).

---

[3] Hartford's concern that these Exhibits are "untrustworthy" is undermined by the undersigned counsel's sworn statements in his Affirmation dated July 21, 2011, which was submitted with the request for fees and costs.

[4] The $275 rate for junior associates was instituted in November 2010. Prior to the hiring of Ms. Lee in November 2010, the Firm had no junior associates.

7

(Hartford Br., p. 17).  The *Clark* case, however, never held that Mr. Riemer's rate should be $300 per hour.  In fact, the Court in *Clark* awarded Mr. Riemer and his associates the full rate requested at the time (the rate in effect prior to January 1, 2008), $480 per hour for Mr. Riemer and $300 for the associates,[5] finding "[t]hese rates are commensurate with market rates for lawyers with comparable skill and experience in this district . . ." *Clark*, 2009 U.S. Dist. LEXIS 36054 at *10.  Furthermore, neither Mr. Riemer, nor his firm had any involvement in the *Alfano* case.

Hartford also ignores the fact that in recent cases, Mr. Riemer was awarded his then requested rate of $560 (the rate in effect prior to July 1, 2010).  *See, e.g.*, *Taaffe v. Life Ins. Co. of N. Am.*, 2011 U.S. Dist. LEXIS 20539, *28 (S.D.N.Y. Feb. 23, 2011)(granting requested fees for Mr. Riemer at $560 per hour—the rate the Firm charged for his time in 2009); *Zoller v. INA Life Ins. Co. of New York,* 06 Civ. 0112 (RJS)(Orders of 7/29/09 and 8/6/09)(granting requested fees for Mr. Riemer at $560 per hour)(See **Ex. 2**).

      C.    THE NUMBER OF HOURS REQUESTED BY BARRETT IS REASONABLE

Hartford attacks the number of hours requested by Barrett as being "excessive" (Hartford Br., p. 15).  Hartford asserts that the hours are excessive due to alleged "instances of billing for unnecessary work" and "overbilling for work that was completed." (*Id*.)

Hartford is quick to criticize the global hours spent on some of the work performed on the case, but fails to provide the Court with:  (1) specific criticism of any particular time entry; or (2) specific recommendation as to the amount of time that would be reasonable given the tasks

---

[5] These were the rates that Riemer & Associates, LLC., charged hourly clients on January 1, 2007. Although the Court decided the case in 2009, the case was briefed at the end of 2007 and the beginning of 2008.

8

performed. Hartford also asserts that Plaintiff engaged in "block billing," but provides no examples. (Hartford Br., p. 15-16).

Hartford further dismisses the voluntary 10% reduction of the requested fees proposed by Barrett without explanation, and only suggests that no fees should be granted, that "the Court would be justified in denying the request outright." (*Id*. at 17).

### D. THE COSTS REQUESTED BY BARRETT IS SUBSTANTIATED

Hartford asserts that Barrett's request for costs in the amount of $586.14 is not substantiated. (Hartford Br., p. 18). Exhibit 4, which Hartford refers to, provides sufficient information regarding the out-of-pocket expense incurred, including the date, description and amount. Furthermore, as discussed *supra*, the undersigned counsel has submitted similar documents in other matters for request of fees and costs within this District, which were subsequently granted.

### CONCLUSION

For the reasons set forth above, Plaintiff requests attorneys' fees under ERISA §502(g)(1) in the amount of $94,596.40, and costs in the amount of $586.14.

Dated: New York, New York
August 8, 2011

> RIEMER & ASSOCIATES LLC
> Attorneys for Plaintiff
> 60 East 42nd Street, Suite 1750
> New York, New York 10165
> (212) 297-0700
> sriemer@riemerlawfirm.com
>
> By: */s/ Scott M. Riemer*_____
> Scott M. Riemer (SR 5005)

CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2011, I served a true and complete copy of the foregoing document by transmitting the same by electronic mail to the following individuals at the e-mail addresses indicated:

Michael H. Bernstein, Esq.
Sedgwick LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Tel.: (212) 422-0202
Fax: (212) 422-0925

I also certify that this document filed through the ECF system will be sent electronically to all registered participants on August 8, 2011.

Dated: New York, New York
August 8, 2011

/s/ Scott M. Riemer_____
Scott M. Riemer (SR 5005)
RIEMER & ASSOCIATES, LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
(212) 297-0700
sriemer@riemerlawfirm.com