Scott M. Riemer (SR 5005)
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
(212) 297-0700
sriemer@riemerlawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KAREN BARRETT,                                                    10 CV 4600 (AKH)(MHD)

                                Plaintiff,

       -against-

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY,

                               Defendant.
-----------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES**


Of Counsel:

Scott M. Riemer
Sharon H. Lee

TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................................ii

PRELIMINARY STATEMENT .......................................................................................................... 1

ARGUMENT .......................................................................................................................................... 3

    I.      ATTORNEYS' FEES SHOULD BE AWARDED TO BARRETT ............................ 3

          A.      THE ATTORNEYS' FEES INCURRED DURING THE COURT ORDERED REMAND SHOULD BE AWARDED ............................................... 4

          B.      THE REMAINING PORTION OF THE ATTORNEYS' FEES INCURRED BY BARRETT TO OBTAIN THE COURT ORDERED REMAND SHOULD NOW BE AWARDED ........................................................ 6

    II.      THE FEES REQUESTED ARE REASONABLE ........................................................ 6

          A.      THE HOURLY RATES REQUESTED REFLECT THE PREVAILING MARKET RATES ................................................................... 7

          B.      THE NUMBER OF HOURS REQUESTED BY BARRETT IS REASONABLE .................................................................................................... 9

    III.     THE COURT SHOULD AWARD $25,975.00 IN PREJUDGMENT INTEREST ............................................................................................................... 10

CONCLUSION ..................................................................................................................................... 11

# TABLE OF AUTHORITIES

*Alfano v. CIGNA Life Ins. Co.*, 2009 U.S. Dist. LEXIS 28118 (S.D.N.Y. 17 Apr. 2, 2009) ....................... 10-11

*Arbor Hill Concerned Citizens Neighborhood Ass. v. County of Albany*, 522 F.3d 182
(2d Cir. 2007) ......................................................................................................................... 7

*Blanchard v. Bergeron*, 489 U.S. 87 (1989) ............................................................................... 6

*Chambless v. Masters, Mates & Pilots Pension Plan,* 815 F.2d 869 (2d Cir. 1987) ............................ 6

*Clark v. First Unum Life Ins. Co.*, 2009 U.S. Dist. LEXIS 36054 (S.D.N.Y. Apr. 28, 2009) ....................... 9

*Davis v. New York City Housing Authority*, 2002 U.S. Dist. LEXIS 23738
(S.D.N.Y. Dec. 6, 2002) ......................................................................................................... 7

*Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149 (2010) ....................................... 3

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ............................................................................ 6-7

*In re Livent, Inc.*, 360 F. Supp. 2d 568 (S.D.N.Y. 2005) ........................................................ 10

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998) ................................................ 7

*Local Union No. 97, IBEW v. NRG Energy, Inc.*, 2009 U.S. Dist. LEXIS 39423
(N.D.N.Y. May 8, 2009) ....................................................................................................... 11

*Luciano v. Olsten Corp.*, 109 F.3d 111 (2d Cir. 1997) .............................................................. 6

*Mason Tenders Dist. Council Welfare Fund v. Leed's Constr. Corp.,* 2001 U.S. Dist. LEXIS 887 (S.D.N.Y.
Jan. 30, 2001) ....................................................................................................................... 7

*Morgenthaler v. First Unum Life Ins. Co.*, 2006 U.S. Dist. LEXIS 62688 (S.D.N.Y. Aug. 22, 2006) ............ 10

*Patrolmen's Benevolent Assn. of the City of New York v. The City of New York*,
2003 U.S. Dist. LEXIS 13472 (S.D.N.Y. July 29, 2003) ............................................................. 6-7

*Peterson v. Continental Casualty Co.*, 282 F.3d 112 (2d. Cir. 2002) ......................................... 4

*Quatarino v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999) ........................................................ 9

*Service Employees Int'l Union, Local 32BJ, AFL-CIO v. Stone Park Assocs., LLC*,
326 F. Supp. 2d 550 (S.D.N.Y. 2004) .................................................................................... 11

*Sheehan v. Metropolitan Life Ins. Co.*, 2005 U.S. Dist. LEXIS 7728 (S.D.N.Y. Apr. 29, 2005) ............ 10

*Taaffe v. Life Ins. Co. of N. Am.*, 769 F. Supp. 2d 530 (S.D.N.Y. 2011) ........................................ 8-9, 11

*Winkler v. Metro. Life Ins. Co.*, 2006 U.S. Dist. LEXIS 56464 (S.D.N.Y. Aug. 10, 2006) ........................... 9

*Zoller v. INA Life Ins. Co. of New York,* 06 Civ. 0112 (RJS) ............................................................... 8-9

## FEDERAL STATUTES AND REGULATIONS

ERISA § 502(g)(1), 29 U.S.C. §1132(g)(1) ............................................................................................. 3, 11

29 C.F.R. §2560.503-1 ............................................................................................................................ 4

29 C.F.R. §2560.503-1(g)(1)(i) ............................................................................................................... 5

29 C.F.R. §2560.503-1(h)(2)(iv) ............................................................................................................. 5

CPLR §5004 ............................................................................................................................................ 10

PRELIMINARY STATEMENT

Plaintiff Karen Barrett ("Barrett") requests that the Court grant Barrett's application for: (A) $37,513.00[1] of the attorneys' fees incurred during the Court ordered remand and the preparation of the instant motion; (B) $56,757.84, which represents 60% of the attorneys' fees incurred to obtain the remand; and (C) $25,975.00, in pre-judgment interest at the rate of 9% (the New York State statutory rate), on the $184,492.23 in back benefits that Hartford owed Barrett.

*Background Information*

This is an action under ERISA, where defendant Hartford Life and Accident Insurance Company ("Hartford") wrongfully denied Barrett's claim for long term disability ("LTD") benefits under the Greystone & Co., Inc. & Affiliates Long Term Disability Policy (the "Plan"). Hartford's initial denial was based solely on a procedural defense (*i.e.*, lack of coverage). Barrett appealed the initial denial and submitted sufficient proof of coverage on appeal. Hartford, however, moved the goal posts, upholding its denial on a completely new reason, "lack of disability." It did this without providing Barrett the opportunity to submit responsive medical records, thereby denying Barrett a full and fair review of her claim. Barrett was forced to initiate the instant action.

*Procedural History*

The parties cross-moved for summary judgment. (Docs. 12, 18). The Court denied the cross-motions, but "remand[ed] the matter to Hartford for further review of Barrett's claim for long-term disability benefits." (See **Ex. 4**, "7/5/11 Remand Order")(Doc. 40). Implicit in the Court's holding was a finding that Barrett was not provided with a full and fair review. Barrett subsequently submitted an application for the attorneys' fees incurred to obtain the Court ordered

---

[1] This amount already reflects a voluntarily reduction of 10% in order to account for any alleged inefficiency or redundancy. The actual fees incurred were $41,513.00.

1

remand. (Docs. 41, 47). The Court awarded Barrett only 40% of the $94,496.40 in fees requested, noting that Barrett only "succeeded to a degree." (See **Ex. 5**)(Doc. 49).

Pursuant to the 7/5/11 Remand Order, Barrett submitted: (1) a comprehensive 29-page letter detailing that she has been, and continues to be, totally disabled under the Plan; and (2) additional medical, vocational, and financial evidence refuting the newly asserted reasons in Hartford's appeal denial. In response, Hartford sent Barrett a 15-point letter consisting of 11 document requests and 4 requests for clarification or additional information. ("2/2/12 Requests"). Not only were the requests duplicative of the documents or information previously provided to Hartford, but many of the requests were never identified as missing prior to the remand. Nevertheless, Barrett provided Hartford all of the requested information.[2]

Taking nearly an additional three months, Hartford reversed its denial of Barrett's claim and approved her LTD benefits as of as of June 16, 2009. In doing so, Barrett exceeded the "some degree of success on the merits" standard—in fact, she completely prevailed.

*Relief Requested*

A. The Court should grant Barrett's post-remand attorneys' fees because the Second Circuit authorizes an award of fees incurred during an administrative proceeding ordered by the court. These fees reflect the time expended to rectify Hartford's culpable conduct in denying Barrett a full and fair review of her claim.

B. The Court should grant Barrett the remaining 60% of the fees incurred to obtain the remand because the circumstances of the case have materially changed. At the time of Barrett's original fee motion, Barrett "succeeded to a degree." Now, she is completely successful. As a result of the successful remand, Hartford was forced to pay Barrett $184,492.23 in back benefits and to put her on benefits as long as she remains disabled.

---

[2] Barrett responded to Hartford's 2/2/12 Requests by submitting additional documentation and information by letters dated February 23, 2012 and April 6, 2012. (See, **Exs. 8, 9**).

2

C.     The Court should award Barrett prejudgment interest at the rate of 9%.  9% is the statutory rate in New York State and the rate that numerous district courts within this State have applied.

ARGUMENT

I.     ATTORNEYS' FEES SHOULD BE AWARDED TO BARRETT

Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1), provides for an award of attorneys' fees in ERISA actions.  Section 502(g)(1) provides:

> In any action under this title (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow reasonable attorney's fee and costs of action to either party.

The Supreme Court, in *Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2158 (2010), authorizes an award of attorneys' fees in ERISA cases "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue."  *Id.*  In *Hardt*, the district court remanded plaintiff's claim to the plan administrator for a full and fair review.  *Id.* at 2154.  The Supreme Court concluded that plaintiff achieved "some success on the merits" by obtaining a remand noting that plaintiff "persuaded the [d]istrict [c]ourt to find that 'the plan administrator [] failed to comply with the ERISA guidelines' and 'that [plaintiff] did not get the kind of review to which she was entitled under applicable law.'"  *Id.* at 2158-59.

Here, the Court determined that Barrett "succeeded to a degree" when she obtained a court ordered remand.  (See **Ex. 5**)(Doc. 49).  Following a lengthy remand period, however, Hartford was forced to reverse its denial of Barrett's LTD claim and approve her benefits as of June 16, 2009—awarding her benefits under both the regular occupation and any occupation definitions of disability.  (**Ex. 10,** Letter dated 7/12/12 from Hartford to Barrett).  Barrett is now fully successful with her case, obtaining all of the benefits she was owed.

3

### A. THE ATTORNEY'S FEES INCURRED DURING THE COURT ORDERED REMAND SHOULD BE AWARDED

The Second Circuit permits an award of attorneys' fees incurred during an administrative remand ordered by the court.

In *Peterson v. Continental Casualty Co.*, 282 F.3d 112, 122 (2d. Cir. 2002), the Second Circuit awarded attorneys' fees and costs incurred during the Court ordered remand in the context of a claim for LTD benefits under ERISA. The Second Circuit held that "[w]here the administrative proceedings are ordered by the district court and where that court retains jurisdiction over the action during the pendency of the administrative proceedings, [. . .] ERISA authorizes the award of associated costs." In doing so, the Second Circuit explained:

> [W]e see no reason that a party may not recover costs incurred during an administrative remand ordered by a court. As demonstrated above, the text and legislative history indicate that once a court of law has assumed jurisdiction over a suit, all costs incurred may be shifted by a court to one party. The fact that a court orders additional fact finding or proceedings to occur at the administrative level does not alter the fact that those proceedings are part of the "action" as defined by ERISA.

*Id.*

As in *Peterson*, the attorneys' fees requested by Barrett were incurred during the remand ordered by the Court, including the preparation of the instant motion. On July 5, 2011, the Court denied the parties' cross-motions for summary judgment and "remand[ed] the matter to Hartford for further review of Barrett's claim for long-term disability benefits." (See **Ex. 4**)(Doc. 40). The Court further noted that it would "retain jurisdiction of this case pending the outcome of Hartford's review." (Id.).

Here, the remand was necessary in order to rectify Hartford's culpable conduct in denying Barrett a full and fair review. Hartford's denial of benefits deprived Barrett of a full and fair review because Hartford failed to follow the administrative scheme mandated by the regulations issued by the Department of Labor in 29 C.F.R. §2560.503-1. Hartford was required to specify its reasons for

4

denial in its initial benefit denial, but instead of doing so, it specified only a procedural reason for denial—lack of coverage. (**Ex. 1**). When Barrett successfully established coverage in her appeal (**Ex. 2**, Hartford then asserted for the first time in its appeal denial that Barrett submitted insufficient evidence to establish her diagnoses of Multiple Chemical Sensitivity ("MCS") and Reactive Airways Dysfunction Syndrome ("RADS") and disability from such diagnoses (**Ex. 3**). Hartford also indicated that no further appeal would be considered. (*Id*). The problem with Hartford's moving target defense was that Barrett was never in the first instance provided with these reasons for denial and given the opportunity to submit "comments, documents, records, and other information" in response, all in violation of 29 C.F.R. §2560.503-1(g)(1)(i) and 29 C.F.R. §2560.503-1(h)(2)(iv).

In order to rectify this problem on remand, Barrett submitted: (1) a comprehensive 29-page letter detailing that she has been, and continued to remain, totally disabled under the Plan (**Ex. 6**); and (2) additional medical, vocational, and financial evidence for Hartford to consider on remand (**Exs. 8, 9**). Notably, this submission included documents and information, which were previously provided to Hartford during the claims process and litigation, but were not given adequate consideration.

In response, Hartford sent Barrett the 2/2/12 Request, a 15-point letter consisting of 11 document requests and 4 requests for clarification or additional information in response to Barrett's remand submission. (**Ex. 7**). Not only were the requests duplicative of the documents or information that Barrett previously provided, but Hartford never identified the documents or information that was allegedly missing prior to the remand. Nevertheless, Barrett fully complied.

Nearly three months following Barrett's final remand submission, Hartford was forced by the weight of the evidence to reverse its denial of Barrett's LTD claim and approve her benefits as of June 16, 2009. (See **Ex. 10**).

Barrett's complete victory on remand supports her position that she is entitled to the post-remand attorneys' fees. Accordingly, the Court should award Barrett the $37,513.00 attorneys' fees she incurred during the Court ordered remand, including the preparation of the instant motion.

> B. THE REMAINING PORTION OF THE ATTORNEYS' FEES INCURRED BY BARRETT TO OBTAIN THE COURT ORDERED REMAND SHOULD NOW BE AWARDED

In light of Barrett's complete success during the Court ordered remand, Barrett requests that the Court award the remaining 60% of the attorneys' fees she incurred to obtain the remand. (**Ex. 5**)(Doc. 49). The change in circumstances from "succeed[ing] to a degree" to complete success warrants the award of all of the fees incurred to obtain the remand. The remand provided the means for Barrett to become completely successful in her claim. Given the complete success, an award of only 40% of the fees incurred to obtain a remand is no longer equitable.

Accordingly, the Court should award Barrett the remaining $56,757.84 in fees incurred to obtain the completely successful remand.

> II. THE FEES REQUESTED ARE REASONABLE

Once a Court has determined that an award is warranted, it will assess a "reasonable fee." An assessment of such an award entails a detailed *ad hoc* inquiry into the particular case. *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 1057-58 (2d Cir. 1987). The Court will begin its analysis by calculating the "lodestar." The lodestar is "based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (citing *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)). In calculating the lodestar, the Court may exclude those hours it finds to be "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Patrolmen's Benevolent Assn. of the City of New York v. The City of New York*, 2003 U.S. Dist. LEXIS 13472, at *6 (S.D.N.Y. July 29, 2003).

6

Once a lodestar is calculated, the district court may consider other factors "that may lead [it] to adjust the fee upward or downward." *Hensley*, 461 U.S. at 434.[3] There is, however, a strong presumption that the lodestar figure represents a reasonable fee. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998).

### A. THE HOURLY RATES REQUESTED REFLECT THE PREVAILING MARKET RATES

The Second Circuit has held that "[t]he reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass. v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007). The Second Court explained:

> In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

*Id.* at 190.

When determining hourly rates, current rates rather than historical rates should be applied in order to compensate for the delay in payment. *LeBlanc-Sternberg*, 143 F.3d at 764; *Patrolmen's Benevolent Assn.*, 2003 U.S. Dist. LEXIS 13472, at *10; *Davis v. New York City Housing Authority*, 2002 U.S. Dist. LEXIS 23738, at *5 (S.D.N.Y. Dec. 6, 2002); *Mason Tenders Dist. Council Welfare Fund v. Leed's Constr. Corp.,* 2001 U.S. Dist. LEXIS 887, at *7 (S.D.N.Y. Jan. 30, 2001) (ERISA case).

---

[3] The twelve factors enunciated in *Hensley* are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of the claim involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 461 U.S. at 430 n.3.

7

Scott M. Riemer, Esq.

Plaintiff requests $600 per hour for the time that Scott M. Riemer, Esq. spent on the case. Mr. Riemer is an ERISA specialist with nearly 30 years of experience. The requested rate is the rate that Mr. Riemer has been charging all of his hourly rate clients (numbering more than 150), since July 1, 2010. Notably, this Court previously awarded Mr. Riemer attorneys' fees at the requested rate. (See **Ex. 5**)(Doc. 49)(granting 40% of the requested fees for Mr. Riemer at $600 per hour).

The requested rate is also commensurate with the rates charged by other attorneys with similar experience. (See **Ex. 11:** Herbert Eisenberg, an attorney with 26 years of ERISA and employment law experience, charges his clients $600 per hour; Daniel Feinberg, an attorney with 21 years of ERISA and insurance law experience, charges his clients $650 per hour; Edgar Pauk, an attorney with over 29 years of ERISA experience, charges his clients $600 per hour; and Robert Bach, an attorney with more than 21 years of ERISA and employment law experience, charges his clients $500 per hour). *See also*, *Taaffe v. Life Ins. Co. of N. Am.*, 769 F. Supp. 2d 530, 542-43 (S.D.N.Y. 2011) (granting requested fees for Mr. Riemer at $560 per hour—the rate the Firm charged for his time in 2009); *Zoller v. INA Life Ins. Co. of New York,* 06 Civ. 0112 (RJS)(Orders of 7/29/09 and 8/6/09)(granting requested fees for Mr. Riemer at $560 per hour)(see **Ex. 12**).

Sharon H. Lee, Esq.

Plaintiff requests $275 per hour for the time that Sharon H. Lee, Esq. spent on the case. Ms. Lee is an associate with over two and a half years of experience. The requested rate is the rate that Riemer & Associates LLC charges its hourly rate clients for her time. Notably, this Court previously awarded Ms. Lee attorneys' fees at the requested rate. (See **Ex. 5**)(Doc. 49) (granting 40% of the requested fees for Ms. Lee at $275 per hour).

The requested rate is commensurate with the rates charged by other attorneys with similar experience.

8

Paralegal Services

Plaintiff requests $200 per hour for the paralegal services that Audrey Beerman, Ellen R. Mayer, and Kasandra Raux (f/k/a Kasandra Gonzalez) furnished on this case. Notably, this Court previously awarded fees for paralegal services at the requested rate. (See **Ex. 5**)(Doc. 49)(granting 40% of requested fees for paralegals at $200 per hour).

The requested rates are the rates that Riemer & Associates LLC charges its hourly clients for their services since July 1, 2010. It is also commensurate with the rates awarded in this District for paralegals with their level of experience. *See, e.g.*, *Taaffe*, 769 F. Supp. 2d at 543 (granting the requested rate of $180 per hour for Ms. Beerman and Ms. Mayer—the rate the Firm charged for their time in 2009); *Zoller v. INA Life Ins. Co. of New York, 06 Civ. 0112* (RJS)(Orders of 7/29/09 and 8/6/09)(granting requested fees for paralegals at $180 per hour)(see **Ex. 12**); *Clark v. First UNUM Life Ins. Co.*, 2009 U.S. Dist. LEXIS 36054, at *9-10 (S.D.N.Y. Apr. 28, 2009) (finding the then-requested hourly rate of $150 per hour for Ms. Mayer's and another paralegal's time reasonable); *Winkler v. Metropolitan Life Ins. Co.*, 2006 U.S. Dist. LEXIS 56464, at *2 (S.D.N.Y. Aug. 10, 2006) (finding the then-requested hourly rate of $130 per hour for Ms. Mayer's paralegal time reasonable).

### B. THE NUMBER OF HOURS REQUESTED BY BARRETT IS REASONABLE

In calculating the initial lodestar, the Court is required to determine the number of hours reasonably spent on the litigation and to exclude any hours that were excessive, redundant, or otherwise unnecessary. *Quatarino v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999).

In order to assist the Court in determining the number of reasonable hours expended, plaintiff has divided the hours by task, showing the hours expended for each task performed:

| Task / Staff Member | Attorney Riemer @ $600 | Associate Lee @ $275 | Paralegal Beerman @ $200 | Paralegal Raux @ $200 | Paralegal Mayer @ $200 | Total Value |
|---|---|---|---|---|---|---|
| Client Communications | 0.50 | 0.00 | 16.75 | 0.25 | 0.00 | 17.50 |
| Remand Submissions | 5.70 | 73.25 | 21.85 | 0.90 | 0.60 | 102.30 |
| Post-Remand Motion for Fees | 4.10 | 26.50 | 0.00 | 0.00 | 0.00 | 30.6 |
| TOTAL TIME | 10.30 | 99.75 | 38.60 | 1.15 | 0.60 | 150.40 |
| TOTAL VALUE | $6,180.00 | $27,431.25 | $7,720.00 | $230.00 | $120.00 | $41,681.25 |
| TOTAL VALUE - 10% REDUCTION | $5,562.00 | $24,688.13 | $6,948.00 | $207.00 | $108.00 | $37,513.00 |

Total Value without Reduction: $41,681.25
Total Value with 10% Reduction: $37,513.00

(See **Ex. 13**).

> III. THE COURT SHOULD AWARD $25,975.00 IN PREJUDGMENT INTEREST

Barrett requests that this Court apply New York's statutory interest rate of 9 percent when calculating the prejudgment interest to which she is entitled because the Plan is silent on the interest rate to which an insured may be entitled under the Plan, and there is no set interest rate dictated by ERISA.  CPLR §5004.  "[N]umerous courts have awarded prejudgment interest at a rate of 9%." *Alfano v. CIGNA Life Ins. Co.*, 2009 U.S. Dist. LEXIS 28118, at *19 (S.D.N.Y. 17 Apr. 2, 2009) (citing *Morgenthaler v. First Unum Life Ins. Co.*, 2006 U.S. Dist. LEXIS 62688, at *12-13 (S.D.N.Y. Aug. 22, 2006); *In re Livent, Inc.*, 360 F. Supp. 2d 568, 572-73 (S.D.N.Y. 2005); *Sheehan v. Metropolitan Life Ins. Co.*, 2005 U.S. Dist. LEXIS 7728, at *7 n.2 (S.D.N.Y. Apr. 29, 2005)).  Judge Lynch explains:

> [W]hile there is no applicable federal statute establishing a prejudgment interest rate, New York has adopted a statutory prejudgment interest rate of 9%, N.Y. C.P.L.R. §5004, thus making an objective legislative judgment that 9% is an appropriate rate. Although CIGNA argues that the Treasury rate constitutes a more appropriate rate . . . there is no reason to think that that rate more accurately captures the time value of money in New York, or the true loss to plaintiff, particularly given the New York

State Legislature's determination otherwise. Accordingly, plaintiff's request for prejudgment interest at a rate of 9% is granted.

*Alfano*, 2009 U.S. Dist. LEXIS 28118, at *19-20; *see also, Taaffe*, 769 F. Supp. 2d at 538 (awarding prejudgment interest of 9%); *Local Union No. 97, IBEW v. NRG Energy, Inc.*, 2009 U.S. Dist. LEXIS 39423, at *18-19 (N.D.N.Y. May 8, 2009) (quoting *Service Employees Int'l Union, Local 32BJ, AFL-CIO v. Stone Park Assocs., LLC*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004)).

Hartford paid Barrett $184,492.23 in back benefits on July 13, 2012. This represents back benefits for the period from June 16, 2009 through July 31, 2012, a period of 1,141 days. The medium point is 571 days. The daily rate of interest at 9% for $184,492.23 is $45.4912. $45.4912 multiplied by 571 is $25,975.00.

Accordingly, New York's statutory 9% interest rate is entirely appropriate.

## CONCLUSION

For the foregoing reasons, Barrett respectfully requests: (1) $37,513.00, the attorneys' fees under ERISA §502(g)(1) incurred during the Court ordered remand in the amount, including the preparation of the instant motion; (2) $56,757.84, the remaining 60% of the attorneys' fee incurred to obtain the remand; and (3) $25,975.00, prejudgment interest at the rate of 9%.

Dated: New York, New York
       September 14, 2012

                                    RIEMER & ASSOCIATES LLC
                                    Attorneys for Plaintiff
                                    60 East 42nd Street, Suite 1750
                                    New York, New York 10165
                                    (212) 297-0700
                                    sriemer@riemerlawfirm.com

                                    By: */s/ Scott M. Riemer*
                                        Scott M. Riemer (SR 5005)

11

CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2012, I served a true and complete copy of the foregoing document by transmitting the same by electronic mail to the following individuals at the e-mail addresses indicated:

Michael H. Bernstein, Esq.
Sedgwick LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Tel.: (212) 422-0202
Fax: (212) 422-0925
Michael.Bernstein@sedgwicklaw.com

I also certify that this document filed through the ECF system will be sent electronically to all registered participants on September 14, 2012.

Dated:  New York, New York
        September 14, 2012

/s/ Scott M. Riemer
Scott M. Riemer (SR 5005)
RIEMER & ASSOCIATES, LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
(212) 297-0700
sriemer@riemerlawfirm.com