UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

KAREN BARRETT,

                    Plaintiff,

    -against-

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

                    Defendant.

------------------------------------------------------------- x

**ORDER DENYING MOTION FOR ATTORNEYS' FEES AND AWARDING INTEREST**

10 Civ. 4600 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff filed this action on June 14, 2010, claiming Defendant wrongfully denied her long-term disability benefits. Plaintiff argued that Defendant failed to provide her "a full and fair review" of her claim as required by the Employee Retirement Income Security Act ("ERISA") and sought a determination that she was entitled to disability benefits. See 29 U.S.C. § 1133. Following oral argument, I denied both parties' motions for summary judgment on July 5, 2011 and remanded the matter to Defendant to review the case based on a more complete record. On remand, Defendant reversed its earlier determination, and on July 12, 2012, found Plaintiff to be entitled to disability benefits. Plaintiff now moves for attorneys' fees for the second time.

      I have already awarded Plaintiff 40 percent of the attorneys' fees she incurred prior to my decision to remand the action to the Defendant insurer. At the time, I considered that the merits were mixed, and that 40 percent was just compensation. Plaintiff now seeks the remaining 60 percent of her requested fees for that earlier stage of the litigation. Plaintiff argues that when I awarded her 40 percent of fees, she had only achieved "some success" in the

1

litigation, but now that Defendant has reversed its determination and awarded her benefits, she has now achieved complete success and is entitled to 100 percent of her fees.

Courts have discretion to award fees in ERISA actions where plaintiffs claim they were wrongfully denied benefits. See 29 U.S.C. § 1132(g)(1) ("the court in its discretion may allow a reasonable attorney's fee and costs of action to either party"); Paese v. Hartford Life and Accident Ins. Co., 449 F.3d 435, 450-51 (2d Cir. 2006) (finding an award of attorneys' fees was within the discretion of the district court); Seitzman v. Sun Life Assurance Co. of Canada, Inc., 311 F.3d 477, 484, 487 (2d Cir. 2002) (holding that the lower court had the discretion to both award attorneys' fees to the insurer and to provide a lower award amount than requested). Exercising this discretion, I find Plaintiff is not entitled to additional fees for the pre-remand stage of the litigation. When I previously decided to award 40 percent of requested fees I was well aware that Plaintiff might prevail on remand. The fact that this actually occurred does not change my determination that 40 percent was the appropriate level of fees for expenses occurred prior to remand.

Plaintiff also seeks to have Defendant pay her for her attorneys' fees incurred following remand. Plaintiff correctly notes that a court may consider granting attorneys' fees related to administrative proceedings on remand. See Peterson v. Continental Casualty Co., 282 F.3d 112, 122 (2d Cir. 2002). Plaintiff, however, is wrong to suggest that she is entitled to fees simply because she ultimately prevailed in those proceedings. Courts frequently consider the factors outlined in Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869 (2d Cir. 1987) in determining whether to award attorneys' fees in ERISA actions. See Toussaint v. JJ Weiser, Inc., 648 F.3d 108, 110-11 (2d Cir. 2011) (stating that courts can still consider the Chambless factors following the Supreme Court's decision in Hardt v. Reliance Standard Life

2

Ins. Co., 130 S.Ct. 2149 (2010)). Those factors are: "(1) [T]he degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants." Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987).

Here, Defendant did not engage in bad faith conduct, before or after remand. Various submissions by Plaintiff, after Defendant's initial determination and after remand, influenced Defendant's final determination. Defendant fully reviewed Plaintiff's submission and came to the determination that Plaintiff was entitled to benefits. In addition, I disagree with Plaintiff's argument that an award of attorneys' fees at this stage would encourage insurers to act responsibly. Awarding fees in this situation actually might discourage insurers from reconsidering earlier denials of coverage, a result that could be detrimental to insureds like Plaintiff. I find that the result of the two attorneys' fees decisions in this case—awarding fees for the portion of the litigation related to the insurer's failure to sufficiently communicate with the insured but declining such an award for the portion of the litigation where the insurer's review met ERISA standards—strikes the right balance.

Plaintiff also seeks prejudgment interest on the $184,492.23 in back benefits Defendant paid to her. Courts have discretion to award prejudgment interest in cases where an insurer pays back benefits after initially rejecting a claim. See Dunnigan v. Metro. Life Ins. Co., 277 F.3d 223, 231 (2d Cir. 2002) ("[Plaintiff] may recover the interest due her by reason of the Plan's unreasonable delay."). Defendant argues that interest is unavailable because Plaintiff never won a judgment; instead, Defendant decided on its own to pay Plaintiff benefits. The

3

Second Circuit, however, implicitly rejected this argument in Dunnigan when it allowed for interest payments where "benefits [were] awarded after internal administrative review and not through litigation." Id. at 225; see also Taaffe v. Life Ins. Co. of North America, 769 F. Supp. 2d 530, 537-38 (S.D.N.Y. 2011) (awarding prejudgment interest even though it was the insurer, not the court, that reversed the claims denial). Here, I find an award of prejudgment interest is appropriate. Plaintiff waited more than three years for payment of her benefits. Interest is appropriate for the award to constitute full compensation for her disability. See Jones v. Unum Life. Ins. Co. of America, 223 F.3d 130, 139 (2d Cir. 1999) (explaining that the "the need to fully compensate the wronged party for actual damages suffered" is one of the central factors in determining whether prejudgment interest should be awarded).

Since prejudgment interest is not provided for by statute, courts have discretion as to what interest rate to apply. Plaintiff argues that she should receive prejudgment interest at the rate of 9 percent, the statutory prejudgment interest rate adopted by New York State. See N.Y. C.P.L.R. § 5004; see also Alfano v. CIGNA Life Ins. Co., No. 07 Civ. 9661, 2009 WL 890626, at *7 (S.D.N.Y. April 2, 2009) (holding New York's nine percent rate should apply to an ERISA action in which an insurer wrongly denied disability benefits). Other courts, however, have awarded the federal prime rate. See Rasile v. Liberty Life Assurance Co. of Boston, No. 03 Civ. 4316, 2004 WL 1444886, at *1 (S.D.N.Y. June 28, 2004). I find the prime rate is the more appropriate rate. Interest rates have been at historic lows for the past three years, and applying a 9 percent rate would provide a windfall to Plaintiff and would serve to punish Defendant, in contravention of the compensatory goal of ERISA. The New York Legislature adopted the 9 percent rate in 1982, a period of high inflation that differed dramatically from our current interest rate environment, and there is no reason to expand the scope of that state statute into the federal

arena. See Denio v. State of New York, 7 N.Y.3d 159, 166 (2006). The federal prime rate, which has held steady at 3.25 percent for the time period in question, is adequate to compensate Plaintiff.

Courts in this circuit typically calculate the prejudgment interest amount in ERISA actions by awarding a daily interest payment and applying it to the midpoint of the "delinquency period," i.e., the period of time during which the insured should have received a benefit payment but was not paid. See Taaffe v. Life Ins. Co. of North America, 769 F. Supp. 2d 530, 538-39 (S.D.N.Y. 2011). Here, the delinquency period runs from the date Plaintiff became eligible to receive benefits, June 16, 2009, to the date she was paid, July 31, 2012, a period of 1,142 days. The daily interest payment is $16.43 ($184,492.23 multiplied by 3.25 percent, divided by 365). The total interest payment is therefore $9,381.53 ($16.43 multiplied by 571 days, half the delinquency period).

In sum, Plaintiff's motion for attorneys' fees is denied. Plaintiff's request for prejudgment interest is granted in the amount of $9,381.53.

The Clerk shall terminate the motion (Doc. No. 52) and mark the case closed.

SO ORDERED.

Dated: November 8, 2012
New York, New York

/s/ ALVIN K. HELLERSTEIN
United States District Judge